The People of the State of New York ex rel. Harley J. Stewart, Appellant, *v.* Joseph H. Wilson, as Warden of Great Meadows Prison, Comstock, New York, Respondent.

Third Department, July 11, 1939.

*Harley J. Stewart,* relator in person.

*John J. Bennett, Jr., Attorney-General* [*Patrick H. Clune* and *Everett D. Mereness, Assistant Attorneys-General,* of counsel], for the respondent.

Bliss, J.   Appellant contends that he was improperly sentenced as a second offender upon conviction after a plea of guilty of the crime of attempting to commit burglary in the third degree.   The certificate of conviction shows that after the conviction an information was filed charging him with having been previously convicted of a felony, that he was properly informed of his rights in connection therewith and stood mute.   A jury was thereupon impaneled and found that he was the same person thus previously convicted and he was then sentenced as a second offender.   The criminal record attached to the return reveals that this previous conviction was for sodomy, for which he received a sentence of two years at a Federal prison.   According to the brief for appellant this conviction was had in a court-martial of the United States Army.

The statute (Penal Law, § 1941) directs additional punishment as a second or third offender for a person who has previously been once or twice convicted within this State of a felony, or under the laws of any other State, government or country of a crime which, if committed within this State, would be a felony.   Sodomy is a crime in this State.   (Penal Law, § 690.)   Appellant urges that a conviction by a court-martial of the United States is not such a conviction as comes within the purview of section 1941 of the Penal Law because in such court there is no indictment, the court is

composed of army officers instead of persons skilled in the law and appeals from its determinations are greatly restricted. We see no merit in these contentions. The military courts are lawful tribunals. The previous conviction here was by a court of competent jurisdiction established by the Federal government for a crime which if committed within this State would be a felony. The conviction is no less valid because of differences in procedure.

The order should be affirmed.

HILL, P. J., CRAPSER and HEFFERNAN, JJ., concur.

Order affirmed.