*In re* LOSINGER.

1. ARMY AND NAVY—COURTS-MARTIAL.
   Courts-martial are lawful tribunals.

2. CRIMINAL LAW—SENTENCE—GOOD-TIME ALLOWANCE—CONVICTION BY COURT-MARTIAL.
   Conviction of soldier by court-martial of an offense under the articles of war, which, if committed in this State, would be a felony, was by a court of competent jurisdiction established by Federal statute, so that service in a Federal prison rendered applicable proviso as to lessened good-time allowance upon imprisonment for subsequent offense in this State (US RS [2d ed 1878], § 1342; CL 1948, § 800.33).

3. SAME—SENTENCE—FEDERAL PENITENTIARY.
   Service of portion of term of sentence by court-martial in a Federal penitentiary for violation of articles of war, of an offense, which if committed in this State, would constitute a

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 36 Am Jur, Military, § 89.
[2, 3] 41 Am Jur, Prisons and Prisoners, § 41 *et seq.*

felony, constitutes confinement in a prison within meaning of portion of statute lessening allowable good time to convict serving a second term in prison, notwithstanding such former sentence commenced and terminated in disciplinary barracks (US RS [2d ed 1878], § 1342; CL 1948, § 800.33).

Petition by Glen E. Losinger for mandamus to compel department of corrections to allow him "high-grade good time" instead of "low-grade good time." Submitted July 25, 1950. (Calendar No. 44,685.) Writ denied December 5, 1950.

*Glen E. Losinger, in pro. per.*

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for the people.

BUSHNELL, J. Glen E. Losinger filed a petition which can be characterized as one for proper good-time allowance. We have treated it as a petition for an order to show cause why a writ of mandamus should not issue to compel defendant department of corrections to allow so-called "high-grade good time," instead of "low-grade good time" which he is presently being allowed under the provisions of section 33 of the prison code (PA 1893, No 118, as· amended [CL 1948, § 800.33 (Stat Ann § 28.1403)]).

That portion of the section which is applicable reads:

"Provided, That a convict who has served a second term in any prison of this State, or any convict who has already served a term in prison in any other State, government or country, shall be allowed for the several periods in order named above, 2, 3, 4, 5, 6, 7 and 8 days as good time, and no more."

Losinger, while serving as a soldier in the army of the United States, was convicted in 1916 of viola-

tion of the then 39th, 47th and 62d articles of war.[*] His sentence of dishonorable discharge, forfeiture of pay, and confinement at hard labor for 3 years at such place as the reviewing authority might direct was approved December 30, 1916, and the United States penitentiary at Leavenworth, Kansas, was designated as the place of confinement.

On April 12, 1919, Losinger's place of confinement was changed from the United States pententiary to the United States disciplinary barracks at Fort Leavenworth, and he was granted the right to apply for restoration to duty. According to petitioner he refused to apply for reinstatement in the army and demanded his discharge.

Losinger is now serving a term of not less than 5 nor more than 20 years in the State prison for southern Michigan, under a sentence imposed upon him by the circuit court for the county of Montcalm on May 10, 1945, upon conviction on a plea of guilty to an information charging him with the wilful and malicious burning of a dwelling house.

The principal question raised by the petition and the return to the order to show cause is whether Losinger is entitled to high-grade good time. He claims that he did not serve a term in prison but only served a part of it, having started and finished his sentence at the disciplinary barracks. Losinger also argues the illegality of his general court-martial and the sentence there imposed upon him.

Courts-martial are lawful tribunals. Losinger's former conviction was by a court of competent jurisdiction established by Federal statute and for a crime which, if committed in Michigan, would be a felony. *People, ex rel. Stewart,* v. *Wilson,* 257 App Div 555 (13 NYS2d 749); 132 ALR 97n, 5 ALR2d, 1113n, motion for leave to appeal denied, *People, ex*

---

[*] See US RS (2d ed 1878), § 1342.—REPORTER.

*rel. Stewart,* v. *Wilson,* 281 NY 888 (22 NE2d 874);
*People, ex rel. Stewart,* v. *Hunt,* 285 NY 536 (32 NE
2d 828); and *People, ex rel. Stewart,* v. *Martin,* 295
NY 940 (68 NE2d 40).

The attorney general of the State of Michigan, in
Opinion No 856, dated December 1, 1948, advised
the commissioner of corrections to the effect that
confinement of a military prisoner in a disciplinary
barracks is not confinement in prison within the
meaning of the statute cited, *supra.* Losinger did not
serve his sentence in a disciplinary barracks but in
the United States Penitentiary at Leavenworth.
He was transferred from the prison to the disciplin-
ary barracks after he had served about 2 years and
4 months of his sentence, and was then granted the
right to apply for reinstatement in the army. He
cannot now claim that he did not serve a term in the
Federal prison, merely because that term was short-
ened by transfer to the disciplinary barracks.

This Court has nothing to do with the good time
that may have been allowed him in the United States
penitentiary, but is concerned only with the con-
struction of the statute which controls the amount
of good time Losinger may be allowed in the State
prison of southern Michigan.

Petitioner's argument is somewhat analogous to
those made by parole violators who claimed that
they should not be required to forfeit their good-time
allowances.   See in that connection *In re Holton,*
304 Mich 534; *Ex parte Brady,* 5 Cal2d 224 (53 P2d
945).   In *People* v. *Keilly,* 54 Cal App2d 764 (129
P2d 939), petitioner contended that the language of
the California statute should be applied to only such
prior convictions, the terms of which had been fully
and completely served.   The California court an-
swered that the statute is not so worded.

The statute here under consideration does not
contain language which can be held to restrict or

place limitations upon the phrase "term in prison." A similar observation could be made in the instant case. Losinger served a term in prison outside the State of Michigan prior to the one which he is now serving.

The writ of mandamus is denied, but without costs.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.