Charles Marks, J.
This is a motion by defendant to vacate and set aside a sentence imposed upon him as a fourth felony offender, on November 30,1953, in the Court of General Sessions and to be resentenced in place thereof, as a third felony offender.
The defendant-petitioner had pleaded guilty to the crime of attempted grand larceny in the second degree. Thereafter, an information, pursuant to section 1942 of the Penal Law was filed, which charged defendant with having committed three prior felonies. As a result, defendant was sentenced to State prison for a term of not less than 15 years nor more than his natural life.
Of the prior convictions, petitioner now attacks the one for forgery resulting from a general court martial. This conviction, he contends, was improperly included in the formula forming the basis for the fourth-felony-offender punishment, heretofore mentioned.
The records of the court martial proceedings, which appear as an exhibit attached to the District Attorney’s affidavit in opposition to this motion, indicate that the petitioner was convicted under articles 93 and 96 of the Articles of War, and under all specifications therein included. For the purpose of this decision, I, however, feel that it is only necessary to discuss article 93 of the Articles of War in order to determine its legal effect upon the issue in question.
Under this article 93 of the Articles of War, petitioner was convicted of five separate specifications. These specifications were identical with one another regarding the nature of the crime alleged therein. The only difference was the five numerical amounts, the dates, the banks, the payees, and the makers involved in those forgeries. As to the phraseology, each specification was alike. The following is an example: “ Charge 1: Violation of the 93rd Article of War. Specification 1: In that Private Lester S. Wilson, 38th Aviation Squadron did, at Bangor, Maine, on or about 10 August 1943, with intent to defraud falsely make in its entirety a certain check in the following words and figures, to wit: The Merrill Trust Company of Bangor, Bangor, Maine, August 10, 1943. No. 24. Pay To The Order Of Lester Wilson $50.00, Fifty Dollars 00/100 Dollars. George McCriagh, Signature, Avhich said check Avas a Avriting of a private nature, which might operate to the prejudice of another. ’ ’
Considering these summary facts in the light of the laAV, I am constrained to hold against petitioner’s contention.
*842 A military court-martial conviction for a felony may properly be used as a basis for the imposition of punishment for a multiple offense, just as any other prior conviction for a crime elsewhere which would have been a felony if committed in New York. (See People ex rel. Stewart v. Wilson, 257 App. Div. 555, motion for leave to appeal denied 281 N. Y. 888.)
Where an article, for instance, as article 93 at bar, is not definitive, the substantive requisites of the crime charged must be obtained from the laws of the place where the crime had been committed, to wit, as in the case at bar, Maine (Matter of Kaytes v. Donovan, 202 Misc. 498, 503).
The charge and the specifications of a court-martial, taken together, form, by legal consideration, a counterpart of an indictment found by a grand jury. In order, therefore, to determine the nature of the crime charged, both the charge and the specifications must be determined together.
For this purpose, the material and operative allegations of the charge and specifications are to be considered. They are reflected in the forgery statute of Maine in effect at the time of the commission of the crime (Revised Statutes, ch. 133, § 1), and thereafter renumbered without change (ch. 120, § 1) in 1944, the year of petitioner’s conviction. This statute indicates clearly that the petitioner’s prior conviction in question would have constituted the crime of forgery in the second degree if committed in New York. Consequently, as such felony conviction, it was properly considered as a basis for the imposition of punishment as for a multiple offense (Penal Law, §§ 887, 1942; Matter of Kaytes v. Donovan, supra; People v. Olah, 300 N. Y. 96).
Accordingly, this motion is in all respects denied. The District Attorney is directed to enter an order in conformance with the decision herein and to forward a copy of said order to the defendant and his counsel.