Henry Tasker, J.
Defendant was heretofore directed to be produced before this court for resentence upon a conviction of the crime of forgery, second degree, rendered against him May 24,1937. On that date, defendant was adjudicated a fourth felony offender and sentenced accordingly. The original sentence was vacated on the ground that the statutory inquiry, pursuant to section 480 of the Code of Criminal Procedure, was not made when defendant was actually called for sentence.
Defendant, here represented by assigned counsel, upon being called for resentence moves in arrest of judgment by way of a demurrer to the fourth felony offender information (Code Grim. Pro., §§ 481, 467, 331; Penal Law, §§ 1942,1943).
The present information charging defendant as a fourth felony offender alleges that he was convicted of the crime of forgery in the Commonwealth of Virginia on March 11, 1929, on July 8, 1930, and on July 3, 1933, prior to his conviction on May 19,1937 in this court. Defendant’s demurrer, based on the decision in People v. Olah (300 N. Y. 96), argues that the crime of forgery as defined in the Virginia statutes would not necessarily constitute a felony if committed in New York. The distinction drawn is that the Virginia statute contains no requirement that the act be committed ‘ ‘ with intent to defraud, ’ ’ whereas intent to defraud is a specific element of the Nbav York offense.
The determination of Avhether a foreign conviction is for a crime Avhich would be a felony if committed in this State is governed by the decision of the Court of Appeals in People v. Olah {supra) and subsequent cases. An examination of the Virginia statute forming the basis for defendant’s prior convictions, copies of which are before the court (Virginia Acts of Assembly, 1928, ch. 225; Code of Virginia, § 4489; People’s Exhibits Nos. 5 and 6 on this motion), reveals that the elements of Virginia forgery are substantially those of the common-laAv crime. This is also true of the New York statute. The Virginia law, however, fails to define the word “forge”, although the New York Penal Law specifically defines the term (Penal Law, 8 880).
*386 The Virginia statute does not, as defendant alleges, contain the requirement of 1 ‘ intent to defraud ’ ’. However, decided Virginia cases, construing the forgery statute, specifically impart a requirement of intent to defraud into the substantive definition of the crime. Application to the instant case of appellate court rules laid down for our guidance in this area, subsequent to People v. Olah {supra) indicate that the question of construction of the Virginia statute is not essential to determination of this motion.
In People v. Benjamin (7 A D 2d 410, affd. 8 N Y 2d 812) the rule to be applied is clearly stated. ‘ ‘ When we are unable to determine the exact nature of the crime charged by reference to the statute alone, either because the statute fails to give a substantive definition of the crime (Matter of Florance v. Donovan [283 App. Div. 153, affd. 307 N. Y. 705]; Matter of Kaytes v. Donovan [202 Misc. 498]; People v. Wilson [11 Misc 2d 840]), or because a single statute presents several distinct and alternative grounds for conviction (People ex rel. Gold v. Jackson [5 N Y 2d 243]; People v. Love, 305 N. Y. 722; People v. Markus, 7 A D 2d 997), it becomes necessary to examine the essential operative allegations comprising the charges actually preferred against the defendant in the indictment, information, or specification in order to ascertain with precision the elements of the crime of which he has been convicted. The crime cannot be enlarged or expanded by allegations of the specific acts performed, but the charges may serve to limit or narrow the basis of the conviction” (p. 413).
Since the Virginia statute does not contain a substantive definition of the crime of forgery (cf. Penal Law, § 880), the operative allegations of the indictments must be examined. In each instance, these indictments (People’s Exhibits Nos. 1, 2, 3, 4 upon this motion) contain inter alia the allegation that defendant “ feloniously did forge * * * with intent to defraud.”
Accordingly, defendant’s contention that the crimes charged would not constitute felonies in this State is without substance (see, also, People v. Schultz, 23 Misc 2d 620; People ex rel. Goldman v. Denno, 9 A D 2d 955).
As an additional ground of demurrer, defendant also argues that the Virginia convictions are unvalid, inasmuch as each one was founded upon a plea of guilty where defendant was unrepresented by counsel and was not advised of his right thereto, in violation of the Federal and State Constitutions {People v. McLaughlin, 291 N. Y. 480). An examination of the records of conviction reveals that defendant was not in fact *387 represented by counsel; the records are silent as to whether he was advised of his rights in this regard. Notwithstanding, this court is wholly without power to inquire into the validity or constitutionality of the judgments of another jurisdiction, 30 years after the events (People v. Kadio, 12 Misc 2d 901; People v. Pitchushei, 17 Misc 2d 214).
Defendant, apparently a compulsive recidivist, has spent at least 25 years of his adult life in penal institutions. Those commitments, including the conviction upon which defendant now must be resentenced, involved forged checks totaling less than $170. Although this court and the District Attorney are of the opinion that the mandatory punishment is excessive as applied to this defendant, the Legislature has vested the exercise of discretion in this area in the Board of Parole, and it is before that body that defendant must seek relief.
Defendant’s motion to dismiss the fourth felony offender information is denied, and he is directed to be called for sentence and to plead to the information pursuant to this court’s order of February 23, 1960 on a date to be fixed in the order to be entered hereon.