235 So.2d 920 (1970)
Norman Louis POWE
v.
STATE of Mississippi.
No. 45852.
Supreme Court of Mississippi.
May 18, 1970.
Robert E. Arrington, Hattiesburg, for appellant.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen. and John M. Kinard, Special Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Justice.
The appellant, Norman Louis Powe, was indicted, tried, convicted and sentenced for the crime of burglary in the Circuit Court of Forrest County, Mississippi. He has appealed to this Court and contends on appeal that the trial court should have directed a verdict of not guilty and should not have permitted the introduction in evidence of an alleged confession.
The facts presented by the record are substantially as follows. The burglar alarm system of the Coca-Cola Bottling Company in the city of Hattiesburg, Mississippi, was activated at approximately 9:00 p.m. on August 2, 1968. Police officers who were patrolling in police automobiles were notified that the burglar alarm at the Coca-Cola Bottling Company had been activated. They proceeded to the bottling works building when they discovered that an outer door had been prized open. The officers made an investigation of the surroundings and arrested one Lonnie Keith Lee, found at the back of the bottling plant. The officers took Lee to jail. The officers testified that they then returned to the bottling plant; that they had information that there was a second person involved in the burglary; that he was six feet tall, dark-complexioned; that he had "dark black hair," was of medium size, and had a pistol. The officers found an automobile parked on a street behind the Coca-Cola bottling plant. The automobile had Louisiana license plates on it and, upon investigation, the officers ascertained that the automobile did not belong to any of the residents along this street. One of the police officers hid in a flower bed near the automobile. The officer observed a man running away from the wooded area at the rear of the Coca-Cola *921 plant. He saw him stop in some bushes and saw him run toward the automobile, whereupon the officer arrested the defendant. The defendant began to curse as soon as he was arrested. He was taken to police headquarters where he was advised of his constitutional rights. Defendant later confessed to having burglarized the Coca-Cola bottling plant.
The only issue in this case, as we see it, is whether or not the officers had probable cause to arrest the defendant at the time he was apprehended because, if he were being properly held in custody, his confession was properly admitted into evidence because the evidence shows that he was given warning of his constitutional rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Moreover, the record shows that his confession was voluntarily made. See: Westover v. United States, the companion case to Miranda, supra.
The first paragraph of Section 2470, Mississippi Code 1942 Annotated (Supp. 1968), is in the following language:
"An officer or private person may arrest any person without warrant, for an indictable offense committed, or a breach of the peace threatened or attempted in his presence; or when a person has committed a felony, though not in his presence; or when a felony has been committed, and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it; or on a charge, made upon reasonable cause, of the commission of a felony by the party proposed to be arrested. And in all cases of arrests without warrant, the person making such arrest must inform the accused of the object and cause of the arrest, except when he is in the actual commission of the offense, or is arrested on pursuit."
In the instant case the testimony shows that the crime of burglary had been committed. Section 2043, Mississippi Code 1942 Annotated (Supp. 1968). The arresting officers had knowledge of the crime because they had been to the burglarized building. Moreover, they had apprehended one of the burglars. They testified (without objection) that they had information of the description of a second person involved in the burglary. Their investigation led to the discovery of an automobile with a Louisiana license parked on a street behind the burglarized building. A further investigation revealed that it was not owned by persons in the neighborhood. An officer waiting near the automobile saw a person running toward the automobile from the direction of the burglarized Coca-Cola plant. He looked like the person whose description had been given to the officers.
At this point there can be no question that "a felony (had) been committed," but did the arresting officer have reasonable ground to suspect and believe the person proposed to be arrested to have committed it?
In the case of Orick v. State, 140 Miss. 184, 105 So. 465, 41 A.L.R. 1129 (1925), this Court reviewed the common law authorities, and, quoting from 2 R.C.L., p. 446, said:
"`In England, under the common law, sheriffs, justices of the peace, coroners, constables, and watchmen were intrusted with special powers as conservators of the peace, with authority to arrest felons and persons reasonably suspected of being felons. Whenever a charge of felony was brought to their notice, supported by reasonable grounds of suspicion, they were required to apprehend the offenders, or at least to raise hue and cry, under penalty of being indicted for neglect of duty. Conservators of the peace also had the authority to make arrests without warrants in case of a misdemeanor which involved a breach of the peace committed in the presence of the officer making the arrest. The right to dispense with warrants in these instances probably had its origin in the necessity of preventing the escape of offenders *922 during the period of delay incident to procuring warrants if such formality had been required. Although policemen were unknown to the common law, they are generally considered as being the legal equivalent of watchmen, and, where public officials are expressly authorized by statute or by municipal ordinance to conserve the peace, they have, in making arrests, all the commonlaw authority of constables and watchmen, and may arrest any person who they, upon reasonable ground, believe has committed a felony, although it afterwards appears that no felony was actually perpetrated. This right of an officer to make an arrest for a felony is absolute, and exists in cases of felonies created by statute as well as those recognized by the common law, and a constable or other police officer is not bound to procure a warrant before making an arrest for a felony, although there may be no reason to fear an escape in consequence of delay in procuring the warrant.'" (140 Miss. at 200, 105 So. at 469, 41 A.L.R. at 1136, 1137)
It has been universally recognized as a rule of law in the United States that a police officer is authorized to arrest a person without a warrant where the officer has reasonable cause to believe a felony has been committed and that the person proposed to be arrested is the one who committed it. United States v. Hall, 348 F.2d 837 (2nd Cir.1965); People v. Losinger, 331 Mich. 490, 50 N.W.2d 137, 44 A.L.R.2d 1449, Cert. Denied 343 U.S. 911, 72 S.Ct. 644, 96 L.Ed. 1327 (1951); Dorsey v. United States, 174 F.2d 899 (5th Cir.1949), Cert. Denied 338 U.S. 950, 70 S.Ct. 479, 94 L.Ed. 586; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790 (1925); Chacon v. State, 102 So.2d 578 (Fla. 1957); Price v. State, 227 Md. 28, 175 A.2d 11 (1961); Anthony v. State, 220 So.2d 837 (Miss. 1969). See: many cases collected under 5 Am.Jur.2d Arrest § 25, p. 715, Note 19 (1962); United States v. Trabucco, 424 F.2d 1311 (5th Cir.1970).
It has been said by one textwriter in 6 C.J.S. Arrest § 6d, p. 596 (1937):
"Where an officer, in good faith, believes that a person is guilty of a felony, and his belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise, he has such probable cause for his belief as will justify him in arresting without a warrant. It has been said that the substance of all definitions of probable cause is a reasonable belief in the guilt of the person arrested. Although the knowledge on which the officer acts, when making an arrest without a warrant, need not be absolute, yet he is bound not to act arbitrarily, but must exercise his discretion in a legal manner, using all reasonable means to avoid a mistake. * * *"
The Court pointed out in Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1948):
"In dealing with probable cause, * * as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. (338 U.S. at 175, 69 S.Ct. at 1310, 93 L.Ed. * * *" at 1890)
It has been said that ordinarily, when the trustworthy evidence makes it clear that an offense has been committed and that a particular person was on the scene at the time it was committed, and then available evidence makes it reasonable to infer that the particular person not necessarily was, but may have been, one of the offenders, most discreet and prudent men would order that person's arrest. See: United States v. Cooperstein, 221 F. Supp. 522 (D.Mass. 1963).
*923 It is clear, therefore, that "probable cause" means less than evidence which would justify condemnation (Carroll v. United States, supra), but more than bare suspicion. Locke v. United States, 11 U.S. (7 Cranch) 339 (1813), 3 L.Ed. 364.
We are of the opinion that the officer in the instant case had probable cause to arrest the defendant without a warrant and, since defendant was given the proper warning, his confession was admissible in evidence. The conviction and sentence of the appellant, Norman Louis Powe must, therefore, be affirmed.
Affirmed.
ETHRIDGE, C.J., and JONES, BRADY and INZER, JJ., concur.