PATTERSON, Chief Justice,
for the Court:
Willie Nathaniel Anderson and Louis Scott were indicted in the Circuit Court of Washington County for aggravated assault upon a police officer acting within the scope of his duty and office. The jury found defendants guilty and the court sentenced each to thirty years imprisonment, the sentences to run consecutively with any sentence either was required to serve as a result of his armed robbery conviction in Warren County on November 21, 1977.
*244 Both defendants appeal and contend the trial court erred in overruling appellants’ motion for a directed verdict and in ruling the state had established probable cause for appellants’ arrest.
On September 20, 1977, the Leland Police Department broadcast a bulletin describing two armed robbery suspects and the automobile in which they were traveling. Acting on this information Officer Donnie Kelly of the department stopped the described automobile, whereupon Louis Scott exited the passenger side of the automobile and opened fire on Officer Kelly. Several of the state’s witnesses testified Nathaniel Anderson also fired a weapon. Three different weapons were fired by Scott and Anderson, appellants, in the shooting spree. It was determined that Officer Kelly’s .357-caliber revolver was fired only once and that he was badly wounded in the melee.
There is conflicting testimony as to who fired the first shot and whether Anderson participated in it. The state’s witnesses, including Bernard Forbes who was accompanying appellants on the day of the shooting, testified the first shot was fired from Scott’s shotgun. Moreover, there was evidence that both of the appellants participated in the affray by firing weapons.
Appellant Scott testified Officer Kelly fired first and that he fired only in self-defense in an attempt to make Officer Kelly stay down, that he never aimed at the officer. However, the evidence establishes the great probability that ten shots, more or less, were fired at Officer Kelly from three different weapons while, to reiterate, only one shot was fired from his revolver.
The issue is whether Officer Kelly had probable cause to stop the appellants for investigation. The record reveals the communications operator for the Leland Police Department received a telephone call from the Warren County Sheriff’s Department describing two armed robbery suspects and the automobile they were occupying. The caller described the suspects as two black males, one weighing approximately 350 pounds, with a dark complexion, and the other around 150 pounds, with medium dark complexion, traveling northward on Highway 61 in a 1975 silver Cougar or Torino automobile with Louisiana license plates. The sheriff’s department also advised a warrant for the suspects’ arrest had been issued. No one on the Leland police force had personal knowledge of the warrant or the robbery in Warren County independent of the telephoned information.
The communications operator repeated this information by radio to all units of the department and approximately thirty minutes later Officer Kelly advised the communications operator that he was in pursuit of a silver Cougar automobile traveling north on Highway 61.
The appellants objected to the admission of the testimony of the communications operator on the basis of the Sixth and Fourteenth Amendments to the United States Constitution. The trial court in overruling the objection, held the communication from the Warren County Sheriff’s Office was sufficient to establish probable cause for the appellants’ arrest.
Appellants contend the communication to the Leland Police Department and transmitted by it to Officer Kelly was uncorroborated and unverified. Therefore, Kelly lacked probable cause to pursue, stop and investigate the appellants.
Probable cause means more than bare suspicion, of course, but it does not necessarily require sufficient evidence to support a conviction. Powe v. State, 235 So.2d 920 (Miss.1970). “In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.” Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879, 1890 (1949).
In our opinion Officer Kelly had sufficient information to justify stopping the appellants for investigation purposes. In Singletary v. State, 318 So.2d 873 (Miss.1975), we repeated and thereby adopted the following rule:
*245 In Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), the Court unequivocally settled the question of the lawfulness of an investigative stop where there is no probable cause to arrest if the officer acts reasonably. In Adams, the Court said:
“In Terry this Court recognized that ‘a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest.’ Id., [392 U.S. 1] at 22, 88 S.Ct. [1868], at 1880, 20 L.Ed.2d 889. The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, Terry recognizes that it may be the essence of good police work to adopt an intermediate response. See id., at 23, 88 S.Ct. [1868], at 1881. A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time. Id., at 21-22, 88 S.Ct. [1868], at 1879-1880; see Gaines v. Craven, 448 F.2d 1236 (CA9 1971); United States v. Unverzagt, 424 F.2d 396 (CA8 1970). (318 So.2d at 877)
Judged by any standard of reasonableness, the communication to the Leland Police Department was sufficient for an investigative stop, in our opinion, thus equating with probable cause.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.