THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* NORMAN HUBER, Defendant.

Supreme Court, Special Term, Erie County, February 28, 1949.

*Thomas Newton* for defendant.

*Gordon Steele, District Attorney* (*Leonard Finkelstein* of counsel), for plaintiff.

VANDERMEULEN, J.   The above-named defendant on April 24, 1944, before the Honorable ALONZO G. HINKLEY, Justice presiding, pleaded guilty to the crime of burglary third degree, and thereafter on April 28, 1944, by a judgment of conviction then entered before the said Justice, the defendant was sentenced as a second felony offender to Attica State Prison, at Attica, New York, at hard labor for a term of not less than ten years nor more than fifteen years.   The defendant seeks an order vacating the judgment convicting him as a second felony offender and that he be resentenced.

Immediately before said judgment of conviction was rendered, Leo J. Haggerty, the then District Attorney of Erie County, filed an information, whereby the defendant was charged as having been previously convicted of the crime of " Violation U. S. Postal Laws, pilfering from a mail box ", on May 26, 1937, in the United States District Court, a court of record, at Miami, State of Florida, and grand larceny on the 27th day of May, 1937, in the Dade County Court, a court of record at Miami, State of Florida.   Before said judgment of conviction of the crime of burglary third degree the court informed the defendant of the allegations contained in said information and of his right to be tried as to the truth thereof, and then required the defendant to say whether he was the same person as charged in said information or not, to which the defendant replied affirmatively.   The said Justice then signed a record of the arraignment of the defendant on the information of date April 28, 1944, which information record is now on file in the Erie County Clerk's Office as part of the record of the defendant's conviction of the crime of burglary third degree.

The sentence in the United States District Court was for a violation of the United States Postal laws for pilfering from a mail box, which was not and is not a criminal offense under the Laws of the State of New York.

With relation to the conviction for grand larceny in the State of Florida, the law provides as follows: " Whoever commits larceny by stealing of the property of another, any money, goods or chattels,   *   *   *   if the property stolen is of the value of fifty dollars or more, shall be deemed guilty of grand larceny ". (Fla. Gen. Laws, 1927, § 7223; 22 Fla. Stat. Ann., § 811.01.)

Section 1296 of the Penal Law of the State of New York provides:

" A person is guilty of grand larceny in the second degree who, under circumstances not amounting to grand larceny in the first degree, in any manner specified in this article, steals or unlawfully obtains or appropriates:

" 1. Property of the value of more than one hundred dollars, but not exceeding five hundred dollars, in any manner whatsoever; or ".

Section 407 of the Penal Law of the State of New York provides:

" Burglary is punishable by imprisonment in a state prison as follows:

" 1. Burglary in the first degree  *  *  *.

" 2. Burglary in the second degree  *  *  *.

" 3. Burglary in the third degree, for a term not exceeding ten years."

Under the statutes of Florida a person charged with the crime of grand larceny may be tried on an information in a criminal court of record; in New York State by indictment. There is appended to the information papers of the defendant a certified copy of the testimony concerning the charge of grand larceny against the defendant in the State of Florida. The Supreme Court of the United States has held that a conviction founded upon an information without the intervention of an indictment is legal.

One of the contentions of the defendant for a resentencing is that he was deprived of the right of counsel in the trial in Florida for the crime of grand larceny which, if true, was contrary to the due process of law clause of the Fourteenth Amendment of the Constitution of the United States. But this court cannot go beyond the information and the material facts therein set forth upon which the conviction was predicated. (*People ex rel. Newman* v. *Foster*, 297 N. Y. 27, 30.)

To set aside the conviction, a proceeding must be instituted in the State of Florida. Furthermore, the invalidity of the conviction was not raised by the defendant when he was sentenced as a second offender. He cannot now challenge the prior sentence of the Florida court. (*Gayes* v. *New York*, 332 U. S. 145.)

This court can consider the information laid in the criminal court of record of Dade County, Florida, and the facts therein stated in determining the defendant's further claim that the information in the criminal court of record, Dade County, Florida, and facts therein stated did not show that the value of

the stolen articles was $100 or more and hence under the laws of the State of New York the crime upon which the conviction was founded would not, if committed in this State, have been a felony. (*People ex rel. Newman* v. *Foster, supra.*)

Section 1941 of the Penal Law of the State of New York provides:

" A person, who, after having been once or twice convicted within this state, of a felony, * * * or, under the laws of any other state, * * * of a crime which, if committed within this state, would be a felony, commits any felony, within this state, is punishable upon conviction of such second or third offense, as follows:

" If the second or third felony is such that, under a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for an indeterminate term, the minimum of which shall be not less than one-half of the longest term prescribed upon a first conviction, and the maximum of which shall be not longer than twice such longest term ".

The information upon which the conviction for grand larceny in the State of Florida was based provided that: " Norman Huber of the County of Dade and State of Florida on the 26th day of February in the year of Our Lord one thousand nine hundred and thirty-seven in the County and State aforesaid did then and there unlawfully and feloniously take, steal and carry away the money, goods and chattels of one Elene Ott, to-wit: 1 ladies yellow gold diamond ring; 1 yellow gold brooch; 1 yellow gold locket without chain; one plain gold ring; 1 yellow gold bracelet; 1 yellow gold brooch with ruby center, a further and more particular description of said money, goods and chattels being to the County Solicitor unknown, being then and there of the value of more than Fifty Dollars."

This information which is tantamount to an indictment in the State of New York would be fatally defective so far as a charge of felony is concerned and would only be a basis for a charge of petit larceny. On an indictment alleging a theft of $50 or more an accused could not be tried for grand larceny in this State. This being so, the accused should not have been sentenced as a second offender.

It was decided in *Matter of Lyons* v. *Goldstein* (290 N. Y. 19) that a court has inherent power in criminal as well as civil cases to reopen its judgment which was procured by fraud, trickery, deceit, coercion or misrepresentation, and in a criminal case may then permit a withdrawal of a plea of guilty, and that

to deny a person an opportunity to be heard on proof that he was defrauded or coerced into pleading guilty to a crime would impair a constitutional right.

While there is no question of fraud or coercion in the instant matter, there is, however, a question of mistake. In my opinion to deny a hearing on proof that a person was sentenced as a second offender because of a mistake would impair a constitutional right. I am therefore of the opinion this matter is properly before this court of criminal jurisdiction.

The judgment of sentence as a second offender is hereby vacated and the defendant is to be remanded to the Justice presiding at a criminal term of this court for resentence.

Submit order.