THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER MADER KADIO, Appellant.— Appeal from an order of the Schenectady County Court denying defendant's motion for a writ of error *coram nobis*. In 1937 defendant was convicted of a crime in Pennsylvania and the question here is whether that conviction was for a "crime" which "if committed within this state, would be a felony" (Penal Law, § 1941; *People* v. *Olah*, 300 N. Y. 96). Defendant has been sentenced as a second offender, the Pennsylvania conviction being treated as the first felony. The County Court has dismissed a writ of error *coram nobis* addressed to the sufficiency of the Pennsylvania conviction to constitute a "crime", which in New York "would be" a felony. We think the record shows clearly that defendant was convicted of such a crime in Pennsylvania and that the court was right in dismissing the writ. The Pennsylvania indictment to which defendant pleaded guilty charged him with making an assault upon a person with intent to take property and then and there taking such property. The "crime" in Pennsylvania had a somewhat different name from that stated in the New York statute. It was there called "Robbery and Robbery by Assault and Force" (Pa. Penal Code, § 4704) and the statute uses different language to describe the crime. It constitutes as a crime the assaulting of a person with the intent to rob him, as well as robbing a person or stealing property from the person. This clearly is a felony in New York (Penal Law, § 2120) which provides that the taking of personal property "from the person" or "by means of force" is a felony. Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.