Aechibald C. Wemple, J.
This defendant, after a trial in the Schenectady County Court, was found guilty by a jury verdict on December 13, 1950, as indicted, of burglary third degree, grand larceny first, and criminally concealing and withholding stolen and wrongfully acquired property.
Subsequently, and on December 26, 1950, pursuant to sections, 1941 and 1943, of the Penal Law, the then District Attorney, Honorable William M. Nicoll, charged the defendant Avith a prior felony conviction in the State of Pennsylvania, on or about December 1, 1937. To this information the defendant, through counsel and personally, on the record, admitted that “ he was one and the same person ” so previously convicted.
Subsequently, and on January 4, 1951, the then presiding Justice of this court, Honorable James W. Diddle, sentenced this defendant as a second offender in accordance with section 1941 of the Penal Law, to 5 to 15 years on each count, all sentences to run concurrently.
The defendant, in this petition, does not attack the validity of the conviction rendered against him by this court on December 13, 1950, but he does contend that the information filed by District Attorney Nicoll on December 26, 1950, above referred to, was erroneous within the meaning of section 1943 of the Penal Law, and claims that he should not have been sentenced on January 4,1951 as a second offender. The defendant petitioner states in his petition that the prior conviction obtained against him in the State of Pennsylvania was not obtained in due form of law and in accordance with the laws of the State of New York, nor in accordance with the laws of the State of Pennsylvania. Specifically, the defendant petitioner alleges that in the Pennsylvania court he ‘ ‘ was never *903 advised of Ms right to counsel, nor did he ever relinquish or waive so vital a right, which is required by Section 308 of the Code of Criminal Procedure of the State of New York,” and of the Constitution of the United States. He supports his petition by a letter from Henry M. Dobbs, Jr., Acting Clerk of Quarter Sessions, County of Philadelphia, dated November 8, 1957, which states that a check of the records £ 1 find no appearance filed by counsel” to represent the defendant on indictment during November Sessions 1957.
It should be noted parenthetically that this defendant petitioner has previously appealed his conviction in this court of December 13, 1950, and that the Appellate Division of the Third Judicial Department (280 App. Div. 854), by a decision dated June 13, 1952, upheld said conviction on the counts of burglary and grand larceny, but modified the judgment by reversing the conviction as to criminally receiving and withholding stolen property, and dismissed said count.
It should also be noted that this defendant petitioner applied to this court for a writ of error coram nobis on November 25, 1952, contending that the “previous felony conviction in the State of Pennsylvania was not a felony conviction and that, therefore, he should not have been sentenced as a second offender.” This application was denied by the Honorable Jambs W. Liddle and, upon appeal, the Appellate Division of the Supreme Court of the Third Judicial Department (282 App. Div. 1094), in a decision dated December 22, 1953, affirmed the order dismissing said writ and specifically held that the “ Pennsylvania indictment to which the defendant pleaded guilty, charging him with making an assault upon a person with intent to take property and then and there taking such property,” constituted assault with intent to rob, which is clearly a felony within the meaning of section 2120 of the Penal Law of the State of New York. (People v. Kadio, 282 App. Div. 1094.) The court found that the taking of personal property from the person or by means of force was a felony. The degree of the conviction in the Philadelphia court is, therefore, indisputably a felony.
This defendant petitioner now asks this court to rule upon the validity and constitutionality of the judgment and sentence of a court of a sister State of Pennsylvania. He contends that his conviction therein was invalid by reason of the fact that he was not advised of his right to counsel and had not waived this constitutional safeguard. In this court he admitted his identity as the “ same person ” convicted in Philadelphia. At the time of sentence here in 1951, the defendant did not raise *904 any issue as to the validity of the Pennsylvania conviction nor did he show this court any reason, when asked on January 4, 1951 by the sentencing Judge whether “there was any good and sufficient cause why sentence should not be imposed.” To ask this court to inquire further into the proceedings of a court over which it has no authority and to which Only the rules of comity apply, and after a passage of over 20 years of time, is unreasonable and unwarranted. This court will not assume a position of investigator into the proceedings of the Court of Quarter Sessions in the County of Philadelphia and State of Pennsylvania.
The proceedings of that court in the year 1937 are not properly before this court for review. The conviction therein has been held by the Appellate Division of the Supreme Court of the Third Department to be a felony within the meaning of section 2120 of the Penal Law of the State of New York. (People v. Kadio, supra.) There is no doubt that the defendant was convicted therein, and this court will, therefore, rest upon the presumption of regularity of all proceedings therein. If this defendant petitioner had, in all sincerity, felt that his constitutional right to counsel in the Pennsylvania court had been violated, his remedy would have been to appeal from said conviction in the Pennsylvania appellate courts. •
Application for order vacating the sentence of this court dated January 4, 1951, and for a hearing thereon, is hereby denied.
Submit order accordingly.