Thomas Dickens, J.
This coram nobis motion brought to vacate and nullify the judgment of conviction for a second felony offense based upon a prior felony conviction in a sister State, is denied.'
This court is without power to pass upon the legality or the validity of a prior foreign judgment of conviction although involved may be a claim, as in the instant case, of the failure of a court of a sister State to inform and advise a defendant of his constitutional right to be represented by counsel.
Defendant’s remedy, therefore, lies in the tribunal of original jurisdiction, that is, in the tribunal of the sister State. (See People v. McCullough, 300 N. Y. 107; People v. Sidoti, 1 A D 2d 232. See, also, discussion in Eli Frank, Coram Nobis [Cum. Supp.], p. 30, n. 32, 2d par. et seq.)
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant.