Samuel J. Joseph, J.
Upon the foregoing papers the motion
is denied.
The defendant was sentenced by this court on May 1, 1953, to State prison for a term of 7% to 15 years after having-pleaded guilty to robbery, second degree, and to an information charging him with a prior felony conviction for attempted robbery in the Quarter Sessions Court of Schuylkill County, Pennsylvania, on September 23, 1942. The defendant now urges his resentence as a first felony offender, contending that the proceedings had against him in the Pennsylvania court in 1942 were illegal in that his conviction for the felony as aforesaid was predicated upon his plea of guilty to an information after he had waived indictment, thus allegedly violating* his constitutional right to be tried by indictment on a felony charge. There is no legal merit to the defendant’s claim since it appears that under the laws of Pennsylvania one accused of a felony may waive indictment and consent to be prosecuted by information (see People v. Wicklem, 183 Misc. 639, and citations therein). The defendant was therefore properly sentenced in this court as a multiple offender (People ex rel. Fellman v. Foster, 184 *215 Misc. 213, affd. 270 App. Div. 877, affd. 296 N. Y. 954; also People v. Turpin, 277 App. Div. 1059). In any event the defendant may not in this State challenge the validity of a judgment of another jurisdiction by way of coram nobis (People v. McCullough, 300 N. Y. 107,110; People v. Kadio, 12 Misc 2d 901).