**UNITED STATES of America on the relation of Jacob TOLER, Plaintiff,**

**v.**

**Matthew MARTIN, Warden of the Suffolk County Jail, Defendant.**

**No. 60–M–758.**

United States District Court
E. D. New York.

Aug. 22, 1960.

———◆———

Scheinberg, Wolf, Lapham & DePetris, Riverhead, N. Y., for petitioner.

No appearance for defendant.

ZAVATT, District Judge.

In his petition for a writ of habeas corpus, Jacob Toler alleges that he was convicted in the County Court, Suffolk County, New York, of the crime of forgery in the second degree on May 19, 1937; that he was sentenced as a fourth felony offender to a term of 15 years to life pursuant to section 1942 of the New

York Penal Law, McKinney's Consol. Laws, c. 40; that he has been serving that sentence ever since; that "certain irregularities were discovered" in connection with this 1937 sentence as a result of which he was returned to the County Court of Suffolk County, New York, to be re-sentenced. The moving papers include a photostatic copy of an order of Suffolk County Judge Henry Tasker dated June 22, 1960, from which it appears that the irregularity referred to by the petitioner was the fact that in the 1937 proceeding, petitioner was not asked by the clerk whether he had any legal cause to show why judgment should not be pronounced against him, as required by section 480 of the New York Code of Criminal Procedure; that, for that reason, the 1937 sentence was vacated sometime prior to June 22, 1960.

In 1937 the petitioner was adjudicated a fourth offender because the County Court of Suffolk County found that he had been convicted of forgery in the Corporation Court of Danville, Virginia, on three separate occasions, to wit, March 11, 1929, July 8, 1930 and July 3, 1933. The petitioner alleges that each such conviction followed a plea of guilty.

The moving papers do not reveal whether the 1937 conviction and sentence followed a plea of guilty or a verdict of guilty after a trial. The present posture of the criminal action against the petitioner in Suffolk County is that he has been convicted of the crime of forgery in the second degree and is awaiting re-sentence following the vacating of the original 1937 sentence. Although he has not as yet been re-sentenced as a fourth offender, the County Court of Suffolk County has already held that it will not inquire into the alleged invalidity of the Virginia convictions and the petitioner, though standing mute in the County Court of Suffolk County as to whether he is the person who was so convicted in Virginia, admits in the petition before this Court that he is that person. Thus it is a certainty that when the defendant is re-sentenced he will be re-sentenced as a fourth offender.

On April 8, 1960, the District Attorney of Suffolk County filed an information, pursuant to § 1943 of the Penal Law of the State of New York, accusing the petitioner of the three prior convictions in Virginia hereinabove referred to. The petitioner, by assigned counsel, moved on April 29, 1960 to dismiss the information on the ground that the three prior convictions in Virginia were invalid because, at the time of each arraignment and each plea of guilty, he had not been advised of his right to be represented by counsel and was not so represented; that he was thereby prejudiced and deprived of his constitutional rights. As to the conviction in Virginia on March 11, 1929, he further alleges that his plea of guilty was the result of having been beaten by the police and having been held incommunicado for 85 days before he entered his plea of guilty. Petitioner also moved at the same time to dismiss the information on the ground that the crime of forgery as defined in the Virginia statutes did not constitute a felony if committed in the State of New York and that, therefore, he was not a fourth offender under New York law and may not be sentenced as such, since section 1942 of the Penal Law of New York does not render him a fourth offender because of prior convictions in another State unless the crimes outside of the State of New York as to which he was convicted would be felonious if committed within the State of New York. The County Judge of Suffolk County, New York, denied petioner's motion to dismiss the fourth offender information and in his memorandum opinion, dated June 22, 1960, stated that the motion was denied for two reasons: (1) that the three prior crimes if committed within New York State would be felonious and (2) that the court "is wholly without power to enquire into the validity or constitutionality of the judgments of another jurisdiction, thirty years after the events (People v. Kadio, 12 Misc.2d 901 [177 N.Y.S.2d 456]; People v. Pitchuskel [i], 17 Misc.2d 55 [17 Misc.2d 214, 182 N.Y.S.2d 55])". Whether it is a matter of power or policy,

this court need not determine. The Court of Appeals of this Circuit has found it to be a fact that, under New York law, the New York courts will not entertain an attack upon a judgment or conviction entered in another State, United States ex rel. Savini v. Jackson, 2 Cir., 250 F. 2d 349, 351. An order of the Suffolk County Court dated June 22, 1960, directed that the petitioner "be called for sentence and to plead to the information * * * on a date to be fixed * * *" The petitioner appeared before the County Judge on July 11, 1960, when he refused to plead to the information. In his own words he "stood mute when asked by the court whether he was the person so accused in the said information." Thereupon the court ordered a trial by jury at the September 1960 Term as to the petitioner's identity with reference to the three prior Virginia convictions. Petitioner now seeks a writ of habeas corpus as a means of having this Court pass upon the validity of the three prior convictions. Nowhere in the moving papers does the petitioner allege or supply any information from which it could be inferred that he has taken any steps in the courts of the State of Virginia to test the validity of the three prior convictions or any of them or as to whether any such remedies are or are not available to him. In his supporting memorandum of law he argues that he has exhausted his remedies available in the courts of the State of New York "in that under New York law, its courts are without power to inquire into the constitutionality of the judgments of another jurisdiction." But he does not argue that he has exhausted his remedies in the State of Virginia. Nevertheless, he contends that "under these circumstances the requirement of exhaustion of other remedies is deemed to have been complied with."

■ The Court of Appeals for this Circuit held in U. S. ex rel. Dennis v. Murphy, 2 Cir., 1959, 265 F.2d 57, 58, that a district court should entertain a writ of habeas corpus in a case where a New York State court was using a Canadian conviction in the application of the State multiple offender law, without requiring the petitioner to first exhaust his remedies under Canadian Law. "We do not believe 28 U.S.C. § 2254 requires relator, in his present position, to exhaust whatever remedies may exist in a foreign country * * *." However, the Court of Appeals of this Circuit has not so construed 28 U.S.C. § 2254 with reference to sister state convictions. As to such convictions, which are used in a New York State court under the multiple offender statutes of New York, I read the unanimous opinion in United States v. Jackson, supra, to mean that a relator must first exhaust his remedies in the sister state where he was previously convicted before he may petition a United States district court for a writ of habeas corpus in cases such as this. See also Davis v. Jackson, 2 Cir., 1957, 246 F.2d 268. If there is no such remedy then, of course, a petition for such a writ should be granted and a hearing held. Davis v. Jackson, supra; United States ex rel. Farnsworth v. Murphy, 2 Cir., 1958, 254 F.2d 438.

Unfortunately and inexcusably, the library of this court contains no state statutes other than those of the State of New York and only a portion of the South Eastern Reporter. Further, during this month of August, the assignment of the writer of this opinion is such that neither he nor his law clerk can absent himself from the courthouse in order to do the necessary legal research required for a determination as to whether or not any remedies are available to the petitioner under the laws of Virginia.

■ The petition is denied upon the ground that the petitioner has failed to establish that there are no remedies available to him under the statutes or judicial decisions of the State of Virginia, without prejudice to re-petition this court upon a showing that there are no such remedies available to him or upon a showing that he has exhausted those remedies and upon notice of any such petition to the District Attorney of Suffolk County, New York.