Thomas Dickers, J.
Defendant, acting as Ms own counsel, moves in coram nobis by notice of motion and an affidavit annexed thereto, both written in longhand, to vacate the sentence meted out to him by me on May 6,1960, whereby I adjudged him to be a second felony offender.
This multiple sentence resulted from an information filed by the District Attorney on April 29, 1960, in wMch he accused defendant of having been convicted of the crime of robbery on April 20,1942, in a court of the State of Arizona.
Two grounds are offered to sustain this motion: (a) a violation of the Federal Constitution by the Arizona court for prosecuting defendant on the robbery charge by an information instead of by an indictment, for such procedure was in contravention of “the legal standards and Constitutional requirements of the State of New York and (b) the conviction itself, lacking the standard for multiple punishment set by section 1941 of the Penal Law, could not be used as the basis for the multiple sentence here.
As to ground “ a ” generally, the law of this State declares that observance of due process under the Federal Constitution does not call for a sister State to follow the practice and the rides maintained in this State. (People v. Kelly, 276 App. Div. 1105, 1106, motion for leave to appeal derned 277 App. Div. 787.) Specifically on the effect of the form of the Arizona pleading, the law further holds that with regard to multiple offenders, the courts of this State must take cognizance of the validity of a felony conviction procured in a sister State by an information rather than by an indictment, so long as the procedure in that respect is valid under the law of the sister State. (People ex rel. Cushing v. Jackson, 7 A D 2d 666; see, also, People v. Wicklem, 183 Misc. 639.
That the procedure followed in the Arizona jurisdiction is valid, is confirmed by defendant Mmself by Ms setting forth in his affidavit the contents of a letter that he had received from an authoritative official of Arizona, evidently in answer to his inquiry, in which such official had informed defendant that prosecution by an information was the recognized practice there.
As to ground “ b,” I find that the Arizona statute spells out the crime of robbery within the terms of the New York statute.
The Arizona statute (Arizona Rev. Stats. Ann. Robbery, § 13-641) reads as follows: “ Robbery is the felomous taMng of personal property in the possession of another from Ms person, or immediate presence, and against Ms will, accompanied by means of force or fear. ’ ’
*928 The part of the New York statute (Penal Law, § 2120), encompassing the foregoing subject matters of the Arizona statute, reads as follows: ‘ ‘ Bobbery is the unlawful taking of personal property, from the person or in the presence of another, against his will, by means of force, or violence or fear of injury, immediate or future, to his person or property ”.
It is quite clear that a comparison of the Arizona statute with the New York statute bears unmistakable proof that the former contains essential components which meet the requirements of the New York statute. Just as “ force ” and “ fear ” are disjunctively joined in the New York statute, so are these terms disjunctively joined in the Arizona statute. And, while “ fear ” under the New York law is not taken to be a necessary ingredient of the crime but is helpfully utilized as an element which goes to make up the crime (People v. Glynn, 54 Hun 332, affd. 123 N. Y. 631), “ force,” on the other hand, is a necessary element, for the gist of a robbery is larceny by force from the person. (People v. Levan, 295 N. Y. 26.) It follows that the crime of robbery as defined in the Arizona statute within its full composite would be a felony if committed in this State as robbery is, in turn, defined by section 1941 of the Penal Law. (See People v. Benjamin, 7 AD 2d 410; People ex rel. Gold v. Jackson, 5 N Y 2d 243; People v. Gerstenfeld, 24 Misc 2d 704.)
The conclusory language employed in the Arizona information, describing the commission of the act of the robbery, to wit, ‘ ‘ did then and there unlawfully rob one Tom Brazail, ’ ’ when considered in conjunction with the language of the Arizona statute, leads to the presumption that defendant was charged with, and was convicted of, the crime of robbery, in the manner declared in that statute. (Cf. People ex rel. Latraverse v. Jackson, 284 App. Div. 822, motion for leave to appeal denied 284 App. Div. 856.)
In any event, defendant may not in this State challenge the validity of a judgment of another State by resorting to the measure of coram nobis. (People v. Pitchuskei, 17 Misc 2d 214, affd. 8 A D 2d 719; People v. Recko, 14 Misc 2d 542; People v. Kelly, supra; People v. Huber, 194 Misc. 586.) The motion is denied.