## WALSH v. WHITE, Warden.

Circuit Court of Appeals, Eighth Circuit.
March 25, 1929.

No. 7975.

Al. F. Williams, U. S. Atty., and Alton H. Skinner and L. E. Wyman, Asst. U. S. Attys., all of Topeka, Kan., for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. This is an appeal from the dismissal of a petition for writ of habeas corpus.

Appellant is confined in the penitentiary at Leavenworth under a conviction on three counts of an indictment charging violation of the Anti-Narcotic Act. The first count of the indictment charges a purchase of 12 grains of morphine on August 3, 1925; the second count charges possession of the same amount of morphine at the same time; the third count charges sale of the same amount of morphine at the same time without a written order. The sentence was five years upon each count, the sentences on counts 1 and 3 to run concurrently and that on count 2, consecutively, following the sentences on the other two.

The contention of appellant is that the three counts charged but one violation for which there can be but one punishment, and that the second count charges no offense and, therefore, "because of the second count charges no offense against the United States, and because of the consecutive and excessive sentence imposed herein," the appellant should be released.

The sentence for sale (on third count) is the same, and is to be served concurrently with that for purchase (on first count). Appellant does not attack the validity of the

convictions and sentences on these two counts. ▮ His contention that possession (on second count) and sale of the same drug are but one offense is not sound. They are separate offenses, and subject to separate penalties. Albrecht v. United States, 273 U. S. 1, 11, 47 S. Ct. 250, 71 L. Ed. 505.

▮ There can be no question of the right and power of a trial court to require sentences on separate counts or upon separate indictments or informations to be served consecutively.

▮ Claimed excessiveness of a sentence is not reviewable. If the sentence is within that authorized by the statute the length thereof cannot be controlled or altered here.

The order of dismissal is affirmed.