THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JAMES McDOWELL, Defendant.

Court of General Sessions of County of New York, June 29, 1951.

*Frank S. Hogan, District Attorney (Chester E. Kleinberg* of counsel), for plaintiff.

*James McDowell,* defendant in person.

VALENTE, J. The defendant herein was tried on two charges of robbery in the first degree and convicted thereof by a jury on April 12, 1945. An information was filed against him charging the commission of a prior felony while in the service, namely that he " was duly by law convicted of the crime of assault with intent to resist lawful detention, and was sentenced to be confined for a period of twenty-four months."

He was tried on this information and adjudged to be the same person mentioned in the information. He was thereupon sentenced by me as a second felony offender to State prison for an indeterminate term, the mandatory minimum thereof being fifteen years and the maximum sixteen years.

He now asks that he be resentenced on the ground that he was improperly sentenced as a second felony offender. He relies on the decision of the Court of Appeals of this State in the case of *People* v. *Olah* (300 N. Y. 96).

The Navy statute defining the crime constituting the basis of the information, is subdivision 3 of article 8 of the Articles for the Government of the Navy (U. S. Code, tit. 34, § 1200, art. 8) which provides punishment for a person who " quarrels with, strikes, or assaults, or uses provoking or reproachful words, gestures or menaces toward any person in the Navy ".

The act which gave rise to the court martial consisted of an assault on the part of the defendant, together with others, upon his jail keeper, tying and binding him and escaping lawful confinement. Such action, under subdivision 5 of section 242 of the Penal Law, would constitute an assault with intent to avoid legal detention and is a felony.

Applying the principles enunciated in the *Olah* case (*supra*), in ascertaining his status as a second offender, it is not the act committed there which if done here would be a felony but rather the delineation of the statute creating and defining the crime that is determinative. It follows that the section under which his court martial was predicated, would not constitute a felony under our New York law but simply the misdemeanor of assault in the third degree.

It would therefore appear, and the District Attorney offers no objection, that the defendant was improperly sentenced as a second felony offender and is entitled to the relief requested to the extent of being recalled, the sentence set aside and the defendant resentenced as a first felony offender, all of which is hereby ordered.

The Clerk of this court will prepare the necessary order for the appearance of the defendant in Part Two on Wednesday, September 19, 1951.