Domenick L. Gabrielli, J.
It appears from the record that on September 21, 1949 the petitioner herein was indicted by a Grand Jury of the County of Steuben on two counts of first degree robbery. He waived a jury trial and pleaded guilty on September 29, 1949 to the indictment. At the same time he *664 waived the two days allowed hy law for pronouncing judgment. Simultaneously, an information in the form of an affidavit of the District Attorney was filed against the defendant charging the commission of a prior felony. He was not represented by counsel. The defendant admitted the charge set forth in the “ information ” and was thereupon sentenced to the State Prison at Attica, New York for a term of “not less than 15 years and not more than 30 years ”, as a second felony offender.
The petitioner now brings this proceeding for a writ of error coram nobis seeking to have the judgment and sentence imposed thereon, set aside and that he be returned to this court for resentence.
Our courts have repeatedly held that coram nobis is available only to correct an error of fact, but is not available to correct errors of law. The relief prayed for herein is obviously a question of law. It is to be noted, however, that courts should look to the substance of the application rather than its label. In People v. Sidoti (1 A D 2d 232) the court there chose to do so and this court is inclined to follow that rule. This application, therefore, is being considered as a motion for resentence.
The defendant asks that he be resentenced on the ground that he was improperly sentenced as a second felony offender. He alleges that his first experience in the State of Pennsylvania, upon which the District Attorney relied in his “ information ”. was neither a “ crime ” nor “ felony ”, and, therefore, he was improperly sentenced.
The ‘1 information ’ ’ sworn to by the District Attorney on September 29,1949 stated as follows: “ That prior to this time and on or about November 24th, 1942, to (the) defendant herein was found guilty of a crime at Greensburg, Pennsylvania and sentenced to serve two years in prison in said State of Pennsylvania which sentence your deponent is informed and believes the defendant did serve. That such sentence as your deponent is informed and believes grew out of the defendant having struck a person on the head with a weapon and then robbed him which is a felony under the laws of the State of Pennsylvania where same occurred. That your deponent is informed that the defendant at such time was seventeen years of age. Deponent therefore charges the defendant herein with being a second offender within the meaning of the laws of the State of New York.”
It is to be noted that the District Attorney specifies that the defendant at the time of the Pennsylvania experience was 17 years of age. This is disputed by no one and this court is, *665 therefore, bound by that allegation and the other proof submitted by both parties in this proceeding.
In evidence before the court is an exemplified copy of the record of the defendant’s difficulty in Pennsylvania referred to in the District Attorney’s affidavit above set forth. It reveals that the defendant was charged with robbery with a weapon and assault and battery in the Court of Quarter Sessions and Oyer and Terminer of Westmoreland County, Pennsylvania, on October 19,1942. On October 21,1942 it was learned that the defendant was then 17 years of age and the matter was transferred to the Juvenile Court of Westmoreland County. On November 20,1942 a hearing was held in the Juvenile Court and as a result, the defendant was sent to the Pennsylvania Industrial School of Juveniles.
Section 1941 of the Penal Law provides in part as follows: “ a person, who, after having been once or twice convicted within this state, of a felony, of an attempt to commit a felony, or, under the laws of any other state, government, or country, of a crime which, if committed within this state, would be a felony, commits any felony, within this state, is punishable upon conviction of such second or third offense, as follows ”.
We must, under these circumstances, look to not only the name of the charge placed against this defendant and the acts complained of, but also the applicable statutes.
The appropriate statutes of the State of Pennsylvania having to do with this particular situation are as follows:
‘ ‘ The word ‘ child ’ as used in this act means a minor under the age of eighteen years.” (11 Purdon’s Stat. 243, subd. [2].)
“ Except as hereinafter provided, the court [Juvenile Court] shall hear and determine all cases affecting children arising under the provisions of this act without a jury.” (11 Purdon’s Stat. 247.)
“No order made by any juvenile court shall operate to impose any of the civil disabilities ordinarily imposed by the criminal laws of the Commonwealth, nor shall any child * * * he deemed to have been convicted of a crime. The disposition of a child or any evidence given in a juvenile court shall not be admissible as evidence against the child in any case or proceeding in any other court.” (11 Purdon’s Stat. 261.) (Italics mine.)
Having in mind the provisions of section 1941 of the Penal Law as well as the appropriate statutes of the State of Pennsylvania, we must come to the conclusion that the defendant in the case at bar, in order to have been sentenced as a second felony offender, would have had to be convicted of a “ crime ” in the State of Pennsylvania and must have been considered as *666 such under the laws of that State. One of the foremost cases on the subject is that of People v. Olah (300 N. Y. 96). Judge Fuld writing for the Court of Appeals stated (p. 98) as follows : ‘ ‘ Section 1941 of the Penal Law provides that a defendant, convicted of a felony in New York, is to be punished as a second felony offender if he was previously ‘ convicted * * * under the laws of any other state * * * of a crime which, if committed within this state, would be a felony ’. (Emphasis supplied.) The language is plain beyond cavil: defendant is a second offender only if the ‘ crime ’ of which he was ‘ convicted ’ in the other jurisdiction would have amounted to a felony here.”
The language is plain and unambiguous. The defendant is a second felony offender only if a “ crime ” of which he was ‘ ‘ convicted ’ ’ in the other jurisdiction would have amounted to a felony. Here the problem in the case at bar is to determine the “ Crime ” of which he was convicted in Pennsylvania. To determine the “ crime ” we must of necessity consider the statute which created and defined it, and upon which that charge was based and its net result.
From a reading of the Pennsylvania statutes there is a very definite statement that a ‘ ‘ child ’ ’ shall not be deemed to have been convicted of a “ crime ’ ’.
Applying the principles enumerated in the Olah case (supra) in ascertaining his status as a second offender, it is not the act committed and which if done here would be a felony, but rather' the delineation of the statute creating and defining the crime that is determinative. (People v. McDowell, 200 Misc. 46.)
It would, therefore, appear that the defendant is entitled to the relief requested to the extent of being recalled, the sentence set aside and the defendant resentenced as a first felony offender. Submit order.