Thomas Dickens, J.
This motion in coram nobis instituted by defendant in person, attacks the validity of the sentence. I shall consider the substance of the application and disregard its label. (People v. Culina, 5 Misc 2d 663; Eli Frank, Coram Nobis [Supp.], Errors of Law, pp. 20, 21.)
To sustain the merit of this application, defendant relies upon his complaint that it was illegal for the sentencing Judge to send him to the penitentiary for an indefinite term upon his plea of guilty interposed to an indictment charging him with criminally possessing a pistol after a prior conviction.
The alleged illegality is attributed to the remarks made by the sentencing Judge preliminarily to the imposition of the sentence. According to defendant’s interpretation, the remarks marked him as a “ hardened ” criminal; therefore, he contends, he did not qualify for confinement as an inmate in the penitentiary.
Defendant concedes that he has already served his sentence and that the other avenues for relief, that is, habeas corpus and appeal, are now foreclosed by the passing of time.
Without delving into an analysis of the remarks allegedly made by the sentencing Judge and their effect, if any, in view of the state of this record, I find as to the law that defendant’s failure to proceed in time to challenge the propriety of the sentence either by means of a writ of habeas corpus or by means of an appeal, precludes him, as a result of his delinquency, from receiving relief here, even if warranted. (People ex rel. Kern [Gross] v. Silberglitt, 3 A D 2d 996, affd. 4 N Y 2d 59.) In *851 any event, service of the sentence makes the question academic. (People v. Burke, 13 Misc 2d 907, 908 [top].)
Motion denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant.