■ The People of the State of New York ex rel. Jacob Goldman, Appellant, against Wilfred L. Denno, as Warden of Sing Sing Prison, Respondent.— Appeal from an order (described in the notice of appeal as a judgment) dismissing a writ of habeas corpus and remanding appellant to the custody of the Warden of Sing Sing Prison. On November 10, 1952 appellant pleaded guilty of attempted violation of section 1751 of the Penal Law as a felony (violation of the Public Health Law with respect to narcotic drugs). The District Attorney of Kings County filed an information showing that appellant had been found guilty of three previous felony convictions in that he had violated sections 173 and 174 of title 21 of the United States Code, which also deals with narcotic drugs. Appellant at that time had admitted his identity and the three previous convictions, which occurred in 1938, 1947 and 1948, all in the United States District Court for the Southern District of New York. Appellant was thereupon sentenced as a third felony offender to a term of not less than 15 years to life pursuant to subdivision 2 of section 1941 of the Penal Law. In August, 1958 appellant sued out a writ of habeas corpus seeking his release from confinement on the ground that the acts upon which the three previous convictions were based would not have been felonies if committed in this State and, therefore, he should have been sentenced as a first felony offender. The writ was dismissed by the order appealed from. Order reversed, without costs, writ sustained, and appellant remanded to the County Court of Kings County for resentence as a second felony offender. It is well established that in order to sentence a defendant as a multiple offender under section 1941 of the Penal Law it must appear that defendant's previous convictions in the foreign jurisdiction would have been felonies if committed in this State. (*Matter of Cedar*, 240 App. Div. 182; *People* v. *Olah*, 300 N. Y. 96.) The question presented is whether any of the three Federal convictions were for acts which would have been felonious if committed in this State so as to render applicable section 1941 of the Penal Law. Section 173 of title 21 of the U. S. Code prohibits, with certain exceptions, the importation of narcotic drugs. Section 174, as far as pertinent, provides: " Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States * * * or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug * * * or conspires to commit any of such acts in violation of the laws of the United States, shall be " fined and imprisoned. The crimes mentioned in the above-cited section have been declared to be separate and distinct crimes. (*Walsh* v. *White*, 32 F. 2d 240.) Section 1751 of the Penal Law, at the time of these convictions, provided that any person who shall " peddle, sell, barter or exchange " any narcotic drug shall be guilty of a felony. It is clear from the above that at the time of these convictions the only crime mentioned in section 174 of title 21, which is a felony under the New York law, is that of a " sale ". Accordingly, the crimes of receiving, concealing,

or facilitating the transportation of, a narcotic drug, were all misdemeanors under the then applicable New York statute. It is appellant's contention that in each of the three convictions he could have been convicted for violating *any* of the other provisions of section 174 even if there was no sale charged and, therefore, his conviction would have been for a crime which would not have been a felony in New York. The 1938 indictment in its first count charged that appellant and another on May 26, 1938 "did conceal, sell and facilitate the transportation" of a certain quantity of narcotic drugs. The second count charged the same violation on a different day and a different quantity of drugs, and the third count charged that appellant committed the crime of "conspiracy to sell". Appellant was convicted by a jury of the crimes of "selling, concealing and facilitating the transportation, concealment and sale of a narcotic drug", and of "*conspiracy*" to sell. Appellant was sentenced to serve two years imprisonment on each of the three counts, *execution of which sentence was suspended*. The probation under the conspiracy count was thereafter revoked. In view of the suspended executions of the sentence as to the two counts, this conviction may *not* be counted as a prior felony conviction for sentencing as a third felony offender under section 1941. (*People* v. *Shaw*, 1 N Y 2d 30; *People ex rel. Lozzi* v. *Fay*, 6 A D 2d 18, affd. 5 N Y 2d 890.) The 1947 conviction resulted from a one-count indictment charging the same violation as above, committed on November 27, 1946. However, in this instance appellant was convicted on his plea of guilty to the crime of "selling heroin" and was sentenced to imprisonment for one year. While execution of the sentence here was also suspended, probation was ordered and thereafter revoked for violation thereof. This 1947 conviction was therefore felonious in view of appellant's plea of guilty to the crime of "selling heroin", a felony under the New York law. The 1948 conviction resulted from a three-count indictment, two counts of which charged the same violation as above, committed on two different days, involving two different quantities of drugs, and the third charged all of the above excepting "selling", in violation of sections 173 and 174. Appellant was convicted on his plea of guilty to the crime of "sale and possession" and was sentenced on each count to a term of one year. Thus, the only remaining question is whether appellant's plea of guilty to "sale and possession" under the 1948 indictment falls within the rule enunciated in *People* v. *Olah* (300 N. Y. 96), which holds that, in order to determine the crime of which a defendant was convicted in the foreign jurisdiction, the statute upon which the indictment was based must be examined, and that inoperative and immaterial allegations in the indictment must be disregarded. Possession was not a felony in New York at the time of the indictment. The indictment would have been sufficient if it merely charged possession. Since appellant could have been convicted for the crime of possession even without the allegation of sale, the recital as to the sale was immaterial and inoperative and could have been disregarded as surplusage. The doubt that existed as to whether the conviction was for a sale or for possession should be resolved in favor of appellant. (*People* v. *Olah, supra*; *People ex rel. Knapp* v. *Jackson*, 6 A D 2d 151, motion for leave to appeal denied 5 N Y 2d 707.) Under the circumstances, the 1948 conviction may not be counted as a prior felony for sentencing purposes under section 1941 of the Penal Law. Appellant is therefore entitled to be sentenced as a second felony offender. (*People* v. *Shaw*, 1 N Y 2d 30; *People* v. *Gifford*, 2 A D 2d 642.) We do not deem *Matter of Perillo* v. *McHugh* (13 Misc 2d 916, affd. 8 A D 2d 917) as determinative of the question presented herein. That case involved the construction of section 219 of the Correction Law with respect to serving the remainder of a sentence for viola-

tion of parole. It did not involve the sentencing of a multiple offender under section 1941 of the Penal Law, which requires proof that the crime upon which the foreign conviction was based would have been a felony if committed in this State. In any event, we do not agree with the *Perillo* case (*supra*) insofar as it tends to hold that a defendant, by pleading guilty to an indictment which commingles acts which would constitute both a felony and a misdemeanor in this State, becomes a multiple offender within the purview of section 1941 of the Penal Law. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.