Hymast Barshay, J.
The defendant brought on a motion for resentence as a first, rather than as a second, felony offender with respect to a judgment of this court dated April 8, 1957, convicting him, on his own plea of guilty to the crime of attempted grand larceny in the second degree, and sentencing him, as a second felony offender, to a term of two and a half years to four years.
The former conviction, relied upon as a basis for defendant’s status as such second felony offender, occurred in the United States District Court for the Southern District of New York upon defendant’s conviction, by verdict of a jury, on four separate crimes as charged in the indictment. Judgment was entered on April 1, 1937. The respective counts and the sentences thereunder were as follows:
1. Unlawfully selling a narcotic drug to Thomas Carney contrary to law in that the package containing it did not have the required internal revenue stamps. Sentence thereon was to a term of five years.
2. That the defedant made the said sale of the same narcotic drug to said Thomas Carney knowing that it was not pursuant to a written order on a form issued in blank for that purpose by the Commissioner of Internal Revenue. Sentence thereon was also to a term of five years.
3. That the defendant did conceal, sell and facilitate the transportation, concealment and sale of said narcotic drug with *705 the knowledge that it had been imported, and brought into the United States in violation of law. Sentence thereunder was to six years.
4. That the defendant and another had conspired to violate sections 1043 and 1044 of title 26, and sections 173 and 174 of titile 21 of the United States Code to make the sales in the manner specified in the first three counts. Sentence upon this count was to two years. All the sentences were to run concurrently with each other and concurrently with those imposed under another indictment.
The Federal statutes involved (U. S. Code, tit. 26, §§ 1043, 1044; tit. 21, §§ 173, 174) have been construed as proper statutes for the basis of sentence as a multiple felony offender under New York Law. (People v. Gennaro, 261 App. Div. 533, affd. 287 N. Y. 657; Matter of Moore v. Macduff, 309 N. Y. 35, 43.) This decision in the Gennaro case was not overruled by the principle enunciated in People v. Olah (300 N. Y. 96); nor by the later cases of People ex rel. Marsh v. Martin (284 App. Div. 156, affd. 308 N. Y. 823); People v. Kronick (308 N. Y. 866); People ex rel. Knapp v. Jackson (6 A D 2d 151); People ex rel. Gold v. Jackson (5 A D 2d 456); People v. Garacelli (309 N. Y. 853); People v. Gulina (5 Misc 2d 663) and People v. Burgee (3 A D 2d 901, affd. 3 N Y 2d 1025).
In order to sentence a defendant as a multiple felony offender under section 1941 of the Penal Law it must appear that defendant ’s previous conviction in the foreign jurisdiction would have been a felony if committed in this State (People v. Olah, 300 N. Y. 96, supra; Matter of Cedar, 240 App. Div. 182).
The question presented is whether any of the four counts of the Federal indictment, under which the defendant was convicted and sentenced, were crimes which would have been felonious if committed in this State so as to render applicable section 1941 of the Penal Law.
Section 173 of title 21 of the United States Code prohibits, with certain exceptions, the importation of narcotic drugs. Section 174, as far as pertinent, provides; 66 Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States * * * or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug ° ® ° or conspires to commit any of such acts in violation of the laws of the United States, shall be ” fined and imprisoned. The crimes mentioned in this section have been declared to be separate and distinct crimes (Walsh v. White, 32 F. 2d 240).
*706 Section 4704 of title 26 of the United States Code makes it unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package. Section 1043 of title 26 of the United States Code (1934 ed.) is now contained in section 4704 of title 26 of the United States Code.
Section 4705 of title 26 of the United States Code provides: ‘ ‘ It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged or given, on a form to be issued in blank for that purpose by the Secretary”. Section 1044 of title 26 of the United States Code (1934 ed.) is now contained in section 4705 of title 26 of the United States Code.
Section 371 of title 18 of the United States Code relates to the crime of conspiracy to commit any offense against the United States, or to defraud the United States in any manner or for any purpose.
Section 1751 of the Penal Law at the time of this conviction provided that any person who shall 1 ‘ peddle, sell, barter, or exchange ” any narcotic drug shall be guilty of a felony.
While it appears that the only crime mentioned in section 174 of title 21 of the United States Code, which is a felony under the New York law, is that of a “ sale”, it likewise is clear that it would also be a felony under our law to sell, barter or exchange a narcotic drug in violation of former section 1044 of title 26 (now tit. 26, § 4705). (People ex rel. Goldman v. Denno, 9 AD 2d955; People v. Gennaro, 261 App. Div. 533, affd. 287 N. Y. 657, supra; Matter of Moore v. Macduff, 309 N. Y. 35, 43, supra.)
The defendant was convicted under counts one and two as charged in the Federal indictment, in each of which counts a specific sale is alleged in violation of the statutes (U. S. Code, tit. 26, former §§ 1043, 1044), and he received a prison sentence under these specific counts in addition to the sentences imposed under counts three and four.
Insofar as counts one and two are concerned there is no doubt that the conviction thereon referred to a specific sale as there was nothing in the language contained therein that would permit any other construction read in the light of the statute violated such as prevailed in People v. Olah (300 N. Y. 96, supra).
In People ex rel. Marsh v. Martin (284 App. Div. 156, affd. 308 N. Y. 823, supra) the single Utah statute created the crime *707 of burglary whether the defendant broke and entered or merely entered. When, therefore, the defendant Marsh pleaded guilty as charged to an indictment which alleged a forcible breaking and entering, he pleaded guilty upon a statute under which he would have been equally guilty of the misdemeanor of unlawful entry had that been charged against him in the Utah indictment.
In People v. Kronick (308 N. Y. 866, supra) we find that the single Delaware statute also created the crime of burglary by either breaking or entering or merely entering. The Maryland statute merely required a breaking without an entry. In either instance they did not correspond to our burglary statute.
In People ex rel. Knapp v. Jackson (6 A D 2d 151, supra) the Massachusetts statute likewise created the crime of burglary by either breaking and entering or mere entry insofar as a night burglary is concerned, but it was held to be a proper basis for multiple felony offender treatment where there was a daytime burglary involved because in that instance the statute required both a breaking as well as an entering. Thus the cases of Marsh, Kronick and Knapp are distinguishable from the situation in the case at bar.
In People ex rel. Gold v. Jackson (5 A D 2d 456, revd. 5 N Y 2d 243, supra) the Florida statute also created the crime of burglary by either breaking in and entering or breaking out after having entered, with intent to commit a crime, which latter would not be felonious in New York. In a unanimous decision, Burke, J., wrote (5 N Y 2d 246): “ The operative and material facts then, in the information under consideration, are that relator broke and entered a building with intent to commit a felony therein. There are no allegations that he broke out of a building after having entered with such an intent. Hence, there is no surplusage as to the operative facts which constitute a felony in New York as well as in Florida. It cannot be assumed that relator may have been convicted of the crime which would be a misdemeanor in New York, since no such facts are alleged in the Florida information to which he pleaded guilty ”, As in the Gold ease, it appears in the case at bar there is no surplusage in either count one or count two in the Federal indictment charging a sale of the drug, and the jury rendered a verdict of guilty, in respect to these two specific counts in addition to counts three and four.
In respect 'to the case of People v. Culina (5 Misc 2d 663, supra) the fault in the prior Pennsylvania conviction was that the defendant was at that time a child under the age for which he could not be convicted of a crime.
*708 In the case of People v. Burgee ( 3 A D 2d 901, affd. 3 N Y 2d 1025, supra) the Pennsylvania statute made it a crime to possess drugs as well as to deal in, dispensing or sale of them. In New York, possession is merely a misdemeanor pursuant to section 1751-a of the Penal Law.
In respect to People v. Caracelli (309 N. Y. 853, supra) although defendant pleaded guilty to two counts validly charging felonies as well as to two charging misdemeanors, only one sentence was imposed in the following words: “Defendant William Caracelli, being placed to bar for sentence, he is sentenced to be confined in Rahway Reformatory, Rahway, New Jersey, and thence until costs of prosecution are paid; sentence to run concurrently with Ind. 274-Apr. 40.”
It appears that because of this fact that the Court of Appeals held the former conviction to be inapplicable ‘1 upon the ground that it does not sufficiently appear that the crime to which appellant pleaded guilty in New Jersey would have been a felony if committed in this State ”.
In other words, the judgment and sentence was as applicable to the misdemeanors as it was the felonies.
In the present case each Federal statute creates a separate crime and the judgment imposes a separate sentence for each crime of which the defendant was convicted. In examining the Federal indictment and judgment, as we are permitted to do under People v. Love (305 N. Y. 722) it becomes at once demonstrated that the defendant in the Federal court was found guilty of the misdemeanor of conspiracy to sell narcotic drugs under the fourth count and he likewise was found guilty of and was punished for the felony of selling narcotic drugs under counts one, two and three. The four counts of the Federal indictment are so interwoven in relation to the time of the commission of each of the crimes on the same day, namely, January 29, 1937, and the same amount of the same narcotic drug, namely, diacetyl morphine hydrochloride that it leaves no doubt that the jury in rendering its verdict of guilty on count three included the sale of this particular narcotic drug as it did in counts one and two where the sale of the same amount of the same narcotic drug is specifically alleged (People v. Lana, affd. unanimously no opinion 10 A D 2d 646, permission to appeal to Court of Appeals denied April 25, 1960 by Judge Fuld). In other words the acts constituting the sale arose out of the same transaction, committed in different ways, as alleged in the said three counts.
*709 In the Lana case there were 19 counts in the 1937 indictment to which the appellant pleaded guilty, a total of 12 of the 19 counts charged him with the sale of a narcotic drug without having affixed thereto the necessary internal revenue stamps (U. S. Code [1934 ed.], tit. 26, § 1043, now contained in U. S. Code, tit. 26, § 4704), and in that such sale was not in pursuance of a written order, on a form issued by the Commissioner of Internal Revenue of the United States (U. S. Code [1934 ed.], tit. 26, § 1044, now contained in U. S. Code, tit. 26, § 4705). The appellant received a sentence on each of the 19 counts. In respect to the 1931 Federal indictment Lana was convicted as charged in one count of the crime of unlawfully dealing in and selling narcotic drugs.
As in the Lana case, in the present case there are at least two counts referring to a specific sale of narcotic drugs in violation of law, and not coupled with any disjunctive language relating to concealing or facilitating the transportation, concealment and sale of such narcotic drug as prevailed in one of the prior convictions in People ex rel. Goldman v. Denno (9 A D 2d 955, supra).
In People ex rel. Gold v. Jackson (5 N Y 2d 243, 245-246, supra) the Court of Appeals held: “ The rationale of Olah does not license the courts below, in sentencing recidivists, to disregard the indictment or information upon which a conviction in a sister State is based in determining whether the crime charged therein constitutes a felony in New York. The intent and spirit of the Olah rule require that the courts of New York abstain from considering the surplusage contained in the indictment or information which would spell out a felony under our penal statutes. Only those facts alleged in the indictment or information which are not operative or material under the applicable criminal statute of the foreign jurisdiction are to be discounted in ascertaining whether the crime charged is to be deemed a felony in New York. * * * It cannot be assumed that relator may have been convicted of the crime which would be a misdemeanor in New York, since no such facts are alleged in the Florida information to which he pleaded guilty.’’
In citing with approval the doctrine laid down in the Gold case, the Appellate Division, First Department, in People v. Benjamin (7 A D 2d 410, 413) said: “ When we are unable to determine the exact nature of the crime charged by reference to the statute alone, either because the statute fails to give a substantive definition of the crime (Matter of Florance v. Donovan [283 *710 App. Div. 153, affd. 307 N. Y. 705], supra; Matter of Kaytes v. Donovan [202 Misc. 498], supra; People v. Wilson [11 Misc 2d 840], supra), or because a single. statute presents several distinct and alternative grounds for conviction (People ex rel. Gold v. Jackson, supra; People v. Love, 305 N. Y. 722; People v. Markus, 7 A D 2d 997), it becomes necessary to examine the essential operative allegations comprising the charges actually preferred against the defendant in the indictment, information, or specification in order to ascertain with precision the elements of the crime of which he has been convicted. The crime cannot be enlarged or expanded by allegations of the specific acts performed, but the charges may serve to limit or narrow the basis of the conviction.”
The case of People v. Gennaro (261 App. Div. 533 [1st Dept.], affd. 287 N. Y. 657, supra) is a binding precedent at bar. The indictment and the Federal statute in that case were identical, as here. In the court’s decision appeared the following facts (261 App. Div. 534): “ The Federal indictment in the first and fourth counts charged two separate sales of heroin to the same person, the first in May, 1937, and the second in June, 1937. These sales were made ‘ contrary to law, in that said heroin was not in the original stamped package or from the original stamped package ’ in violation of section 1043 of title 26 of the United States Code. Counts 2 and 5 charge the defendant with making sales of the same heroin contrary to law ‘ in that said sale was not in pursuance of a written order * * * to the said defendant on a form issued in blank for that purpose ’ in violation of section 1044 of title 26 of the United States Code. Counts 3 and 6 of the indictment charge that the defendant ‘ unlawfully, wilfully, knowingly and fraudulently did conceal, sell and facilitate the transportation, concealment and sale ’ of said heroin ‘ after said heroin had been imported and brought into the United States contrary to law * * * as he [the defendant] then and there well knew ’ in violation of sections 173 and 174 of title 21 of the United States Code. The defendant pleaded guilty to that indictment and was sentenced to imprisonment for one year and one day upon each of the six counts. ’ ’
The central factor of a sale, common alike to the Harrison Act as to section 1751 of the Penal Law, was viewed in the Gennaro case (261 App. Div. 536-537) as follows: “ The appellant argues that the acts constituting the crime of which the defendant was convicted in the Federal court do not constitute a crime under our State laws. It is clear enough that both the Federal and the State offenses have in common the act of a sale of narcotics. *711 The State law prohibits the sale outright unless the defendant can prove that it was done in accordance with certain specified exceptions. The Federal Law while not forbidding the sale outright punishes the sale if it is made without compliance with certain regulations. The Federal and State exceptions overlap and complement each other. The effect of the two laws is to punish the same conduct and this difference in verbal approach is the only distinction that can be made between the two laws. In effect, they are the same. ’ ’
The Gennaro case “ involved a true sale of heroin ”, reiterated the Court of Appeals in Matter of Tonis v. Board of Regents (295 N. Y. 286, 293). In Matter of Moore v. Macduff (309 N. Y. 35, supra) at page 42 the court said: “We must refer to the indictment and the statute under which the indictment was drawn to determine what the operative and material facts were (People v. Love, 305 N. Y. 722), and then we must compare these operative and material facts to our own statute to ascertain whether or not it has application.”
The motion to resentence the defendant is denied in all respects. Submit order.