Froessel, J. (dissenting).
We agree with the Appellate Division in all respects, and disagree with our associates only as to the 1947 conviction.
It is true that the information filed against defendant in 1947 charged that he ‘ ‘ did ® * * receive, conceal, sell and facilitate the transportation, concealment and sale of a certain narcotic drug ”, in violation of sections 173 and 174 of title 21 of the United States Code. However, although pleaded together in a one-count information, each act pleaded is a separate and distinct crime (Walsh v. White, 32 F. 2d 240; see, also, Albrecht v. United States, 273 U. S. 1, 11).
This case is not controlled by People v. Olah (300 N. Y. 96), The information charges an act—“ selling ”—which is a felony in this State (Penal Law, § 1751). To this act alone defendant pleaded. Hence the resulting conviction must be deemed a felony in New York. Of course, if he had been found guilty after trial of the crimes alleged in the information, or had pleaded guilty to the information, his ensuing conviction would not be counted as a felony in New York. But if he had been convicted after trial of “ selling” only, or if—as here—he pleaded guilty to “ selling ” only, then the ensuing conviction must be counted as a felony in New York.
In the minutes of sentence annexed to the habeas corpus return is a copy of the information filed by the District Attorney of Kings County following defendant’s conviction there prior to the institution of this habeas corpus proceeding. That information sets forth a number of prior convictions, of which the 1947 conviction was one. As to the 1947 conviction, it is asserted that defendant ‘ ‘ was duly * * * convicted upon his own confession and plea of guilty to the crime of selliw heboijst Defendant acknowledged this conviction, as well as the others. *144 The correctness of this assertion is verified by the judgment and commitment of the United States District Court for the Southern District of New York, which provides:
“ On the 2d day of April, 1947, came the Attorney for the Government, and the defendant appeared in person and by counsel.
‘ ‘ It is adjudged that the defendant has been convicted upon his plea of guilty of the offense of sale of heroin.
“ T. 21 Sec 173-174 U. S. C.”
There is nothing in the record before us to indicate why he thus pleaded. The majority suggest that, when defendant pleaded guilty to the sale of heroin only, it was the result of the clerk’s shorthand method of taking the plea. This is pure speculation. It may just as well be that, after defendant had conferred with counsel assigned by the court, it was agreed with the United States Attorney that he plead to “ selling ” because that accorded with the facts in the case. But we have no right to conjecture either way, and are bound by the record of the United States District Court.
If there is any error in that record, defendant’s remedy for its correction lies with that court (see United States v. Morgan, 346 U. S. 502, 512-513).
Accordingly, the order appealed from should be affirmed.
Chief Judge Desmond and Judges Van Voorhis and Foster concur with Judge Fuld ; Judge Froessel dissents in an opinion in which Judges Dye and Burke concur.
Order reversed and matter remitted to Special Term for further proceedings in accordance with the opinion herein.