Walter R. Hart, J.
Relator by this writ of habeas corpus geeks to review the sentence of the County Court of Kings County (Barshay, J.) imposed on November 24, 1958 of a term of from 15 years to life as a third (narcotics) felony offender (Penal Law, § 1941, subd. 2). He had pleaded guilty on May 12, 1958 of violating subdivision 3 of section 1751 of the Penal Law — a narcotics felony. Subsequently, after admitting his identity as being the same person as the one charged in an information with having two prior felony narcotics convictions, the sentence above referred to was imposed. Contending inter alia that a conviction in the Federal court in 1937 was not for a felony within the intendment of section 1941 of the Penal Law, relator appealed from the judgment of conviction to the Appellate Division, which affirmed the judgment (10 A D 2d 646). Leave to appeal to the Court of Appeals was. denied by Judge Fuld and thereafter certiorari was refused by the United States Supreme Court (364 U. S. 832).
Relator bottoms the instant proceeding on a quotation from the opinion of the court in People ex rel. Goldman v. Denno (9 N Y 2d 138, 140). He contends that by reason of that opinion, the sentence imposed was illegal and that it may be reviewed by the instant writ. While the People seek dismissal on the ground of res judicata, the matter will be determined on the merits. In People ex rel. Goldman v. Denno (supra) relator, after having been convicted of a narcotics felony, had been sentenced as a recidivist because of prior convictions in the Federal court. He sued out a writ of habeas corpus which was dismissed at Special Term, The Appellate Division, Second Department (9 A D 2d 955), concluded that all save a conviction in 1947 could not serve as a predicate for multiple offender punishment and directed that the relator be resentenced as a second offender. Both the relator and the People appealed to the Court of Appeals. There the majority of the court, in an opinion by Fuld, J. — the same Judge who had denied the application of *175 the relator in the instant proceeding for leave to appeal from the judgment — held that the 1947 conviction was not to be considered as a conviction of a felony and directed that the relator in that proceeding be resentenced as a first offender. The information on which that 1947 conviction was based consisted of but a single count charging, in effect, a violation of the United States Code (tit. 21, §§ 173-174) in that relator ‘1 did * * * receive, conceal, sell and facilitate the transportation, concealment and sale of a certain narcotic drug ’ ’. When the case had been called in the Federal court for pleading, the Court Clerk had stated that the information ‘ ‘ charges you with an unlawful sale ”, to which the relator pleaded guilty. The Court of Appeals in a 4 to 3 decision in the opinion by Judge Fuño stated (p. 142): “ When a defendant pleads guilty, he pleads to an indictment (or information) or to a count thereof, not to a part of the one or the other and, certainly, not to that portion which the clerk, for some reason or other, happens to mention in describing the indictment.” The majority pointed out that only the sale of narcotics is a felony under New York law and only a conviction for a sale may be the basis for multiple offender sentence. The court stated that where “ the indictment accuses the defendant of acts, some of which would in New York support a felony charge and others only a charge of misdemeanor, the resulting conviction upon such an indictment, whether based on a jury’s verdict or the defendant’s plea of guilt, may not be regarded as one for a felony” (p. 141). The court then concluded that despite the plea of guilty to a “ sale,” the information charging the defendant with a crime and not the colloquy with the Clerk controlled.
The instant proceeding is based on the last quotation above set forth. It is contended by relator that the Federal conviction in 1937 could not be considered as a conviction for a narcotics felony because the indictment charged him with acts, some of which were not felonies under New York law. That indictment, however, was not in a single count, as in Goldman, but in 19 separate and distinct counts. The indictment, a copy of which was submitted to this court, was discussed and summarized by Judge Barshay in People v. Gerstenfeld (24 Misc 2d 704, 709) as follows: “ In the Lana case there were 19 counts in the 1937 indictment to which the appellant pleaded guilty, a total of 12 of the 19 counts charged him with the sale of a narcotic drug without having affixed thereto the necessary internal revenue stamps (U. S. Code [1934 ed.], tit. 26, § 1043, now contained in U. S. Code, tit. 26, § 4704), and in that such sale was not in pursuance of a written order, on a form issued by the Commis *176 sioner of Internal Revenue of the United States (U. S. Code [1934 ed.], tit. 26, § 1044, now contained in U. S. Code, tit. 26, § 4705).”
As pointed out by Judge Barshay (pp. 710-711), convictions for sales under former sections 1043 and 1044 of title 26 of the United States Code, are deemed felonies to be counted in applying multiple offender punishment (on the authority of People v. Gennaro, 261 App. Div. 533, affd. 287 N. Y. 657; Matter of Tonis v. Board of Regents, 295 N. Y. 286, 293). Each of the counts in the indictment set forth separate and distinct crimes (Walsh v. White, 32 F. 2d 240; Albrecht v. United States, 273 U. S. 1, 11). The relator herein was sentenced on each of the 19 counts, 12 of which referred to specific sales of narcotics in violation of law, which sales are not coupled with any disjunctive language to acts which were not felonies under New York law.
It is apparent, therefore, that there is no merit to the instant writ. The conclusion reached here is in accord with the views of Judge Barshay in People v. Gerstenfeld (24 Misc 2d 704, supra). Nor is a contrary result required under People v. Caracelli (309 N. Y. 853). There, defendant pleaded guilty in New Jersey to two counts which charged acts that were felonious in New York and two which would be considered misdemeanors. Only one sentence was imposed on all four counts. The Court of Appeals held that that conviction could not be the predicate of multiple offender sentence “upon the ground that it does not sufficiently appear that the crime to which appellant pleaded guilty in New Jersey would have been a felony if committed in this State.” This conclusion was reached because the judgment and sentence was, as pointed out by Judge Barshay, as applicable to the misdemeanors as to the felonies.
Appellant on the instant proceeding attacks the multiple offender statute as being ex post facto. This contention was rejected in the appeal from the judgment to the Appellate Division, Court of Appeals, and the United States Supreme Court. In any event, as pointed out by Judge Sober in People v. Schultz (23 Misc 2d 620, 629), the challenge to the constitutionality of the subsequent offender and habitual offender laws has been rejected repeatedly. Accordingly, the writ is dismissed.