■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. AMANDA GARLAND, Respondent.— Appeal by the People from a judgment of the former County Court, Kings County, rendered September 1, 1961 on defendant's plea of guilty, convicting her of attempted felonious possession of narcotic drugs (Penal Law, § 1751) and sentencing her, as a first felony offender, to serve a term of 3 years and 9 months to 7½ years. Judgment reversed on the law, and action remitted to the Criminal Term, Supreme Court, Kings County for resentencing of the defendant as a second felony offender. The facts are affirmed. The court below, at the time of defendant's sentencing, dismissed a second felony offender information in which it was alleged that defendant had been convicted of a prior felony in the United States District Court, Eastern District of New York. Such prior conviction was based on defendant's guilty plea to an indictment which charged that she did unlawfully "sell, dispense and distribute" a quantity of heroin in violation of subdivision (a) of section 4704 of title 26 of the United States Code. This statute provides that it shall be unlawful to purchase, sell, dispense or distribute narcotic drugs, except in or from the original stamped package. Defendant contends that the People have no right of appeal. In our opinion, the People may appeal from this judgment of conviction, pursuant to subdivision 5 of section 518 of the Code of Criminal Procedure (*People* v. *Washington*, 278 App. Div. 967; *People* v. *Webster*, 279 App. Div. 944, affd. 304 N. Y. 621; *People* v. *Evans*, 18 A D 2d 1018). This conclusion is predicated on the fact that, since the statute grants a right of appeal to the defendant, it accords a reciprocal right of appeal to the People. It is also our opinion that the defendant's prior Federal conviction may properly be used to sentence her as a second felony offender. It is settled that a conviction, under this Federal statute, for a sale, alone, of a narcotic not in or from a tax stamped package, is to be counted a prior felony (*People* v. *Gennaro*, 261 App. Div. 533, affd. 287 N. Y. 657; *People* v. *Lana*, 10 A D 2d 646, permission to appeal to Court of Appeals den. April 25, 1960 by Judge FULD, cert. den. 364 U. S. 832). In our opinion, the inclusion of the words "dispense or distribute" in the Federal indictment charged acts which would also be felonious in this State (Penal Law, § 1751, subd. 1; Public Health Law, § 3301, subds. 29, 30). Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.