UNITED STATES ex rel. James BURNEY, a/k/a James Beaurney, Petitioner,

v.

Hon. J. Edwin LaVALLEE, Warden, Clinton State Prison, Dannemora, New York, Respondent.

No. 68 Civil 702.

United States District Court
S. D. New York.

May 14, 1968.

James Burney, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, for respondent, Mortimer Sattler, Asst. Atty. Gen., of counsel.

## OPINION

WEINFELD, District Judge.

Petitioner, serving a five to ten year sentence at Clinton Prison, Dannemora, New York, imposed upon his plea of guilty as a second felony offender to a reduced charge of grand larceny in the second degree (from robbery in the first degree and grand larceny in the first degree), entered in the Supreme Court, Bronx County, on October 14, 1965, seeks his release upon a writ of habeas corpus for alleged violation of his constitutional rights. The predicate for sentence as a second offender was a conviction in this court upon a plea of guilty to two counts of violation of the federal narcotics laws, entered before Judge Thomas F. Murphy on December 12, 1955.

First, petitioner contends that his prior federal conviction does not constitute a felony under the laws of the

State of New York. The first count of the indictment charged a violation of 21 U.S.C. sections 173 and 174 (receipt, concealment, sale, or facilitating the sale, transportation and concealment of narcotic drugs), and the second, a violation of 26 U.S.C. sections 4701, 4703, 4704 (a), 4771(a) and 7237(a) (dispensing narcotic drugs not in or from the original stamped package). It is beyond challenge that the violation under the latter count constitutes a felony under the laws of the State of New York.[1] The very contention here urged was also advanced by petitioner on his appeal to the New York State Court of Appeals, but was not accepted.[2] In any event, whether a conviction in another jurisdiction is a felony under the laws of the State of New York presents no federal question.[3]

■ Next, the defendant urges that the plea in this court was entered in violation of his constitutional rights in that prior to its acceptance he was not questioned by Judge Murphy in accordance with Rule 11 of the Federal Rules of Criminal Procedure. The records indicate that, with respect to withdrawal of his original plea of not guilty, he was questioned by the clerk in the presence of Judge Murphy. Rule 11, with its requirement that before a plea of guilty is accepted the court first address the "defendant personally," was not in effect when the instant plea was entered in 1955. The Rule was amended to its present form eleven years thereafter, February 28, 1966. Moreover, in and of itself, the Rule is not a constitutional requirement. What is required is that the plea of guilty be voluntarily and understandingly entered and in ac-

cordance with due process requirements. No evidentiary matter has been presented on this petition to challenge the voluntariness of the plea or that it was understandingly entered. No such challenge has been made either in this court or in the state court, where petitioner was also free to attack the plea entered in this court for alleged constitutional infirmity.[4] Thus, apart from any other factors, the petition must be dismissed for lack of merit and for failure to exhaust available state remedies.

■ Also without merit is petitioner's contention that the state judge failed to "establish" that petitioner knowingly and voluntarily offered to plead guilty and with a full understanding of the consequences of being adjudged a second offender, and his further contention that the facts which he admitted in answer to the judge's questioning did not warrant acceptance of a plea of grand larceny in the second degree. The short answer is that a reading of the record demonstrates otherwise.

■ Finally, the petitioner's claim that he was prejudiced by the reversal of the position by the District Attorney with respect to whether or not the first count of the federal indictment constituted a felony is without substance. In the Appellate Division the prosecutor conceded the soundness of petitioner's contention that the first count could not be employed as a predicate felony conviction, but in the Court of Appeals stated that upon reflection he was mistaken in this view. But the prosecutor always insisted that the second count, the tax stamp conviction, was a felony. Under this circumstance, there is not

1. People v. Reifer, 23 A.D.2d 874, 259 N.Y.S.2d 279 (2d Dep't 1965); People v. Garland, 20 A.D.2d 822, 248 N.Y.S.2d 700 (2d Dep't 1964); People v. Gennaro, 261 App.Div. 533, 26 N.Y.S.2d 336 (1st Dep't), aff'd, 287 N.Y. 657, 39 N.E.2d 283 (1941); People ex rel. Lana v. Donovan, 32 Misc.2d 173, 223 N.Y.S. 2d 252 (Sup.Ct.1962); People v. Gerstenfeld, 24 Misc.2d 704, 204 N.Y.S. 2d 251 (County Ct.1960).

2. People v. Burney, 21 N.Y.2d 711, 287 N.Y.S.2d 677, 234 N.E.2d 700 (1967).

3. United States ex rel. Read v. Martin, 263 F.2d 606 (2d Cir. 1959); United States ex rel. Nersesian v. Fay, 239 F. Supp. 142 (S.D.N.Y.1965).

4. New York Code Crim. Proc. § 470-a.

only no basis for a claim of prejudice, but petitioner's contention with respect thereto poses no federal constitutional issue.

The petition is dismissed.