**UNITED STATES of America ex rel. James BURNEY, Petitioner,**

v.

**Hon. Harold W. FOLLETTE, Warden, Green Haven Prison, Stormville, New York, Respondent.**

**No. 70 Civ. 282.**

United States District Court, S. D. New York.

March 3, 1970.

James Burney, pro se, petitioner.

Louis J. Lefkowitz, Atty. Gen., of New York, New York City, for respondent,

Mortimer Sattler, Asst. Atty. Gen., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This is the second application for a federal writ of habeas corpus to effect the release of the petitioner, a state prisoner, serving a five to ten year sentence as a second felony offender imposed under a judgment of conviction entered upon his plea of guilty to robbery in the second degree.

■ In this application he relies upon the contentions advanced in the briefs submitted by his counsel to the Appellate Division, First Department, upon his appeal from the denials of two writs of error coram nobis, which were affirmed by the Appellate Division without opinion.[1] These contentions are that his plea of guilty is void because prior to its entry (1) his trial counsel informed him that the Assistant District Attorney had assured counsel petitioner would receive a sentence of no more than five years, a statement petitioner says he overheard, and (2) he was confused as to the effect of a prior federal narcotics conviction, since his trial counsel had stated, "I don't think your federal conviction in 1955 will stand up as a predicate" for a multiple offender sentence. Petitioner submits no affidavit of that

attorney or no explanation for failure to do so, an omission that casts considerable doubt on his first contention in light of his further allegation that two and a half years after the imposition of sentence the attorney assured petitioner he would affirm the fact that he advised petitioner to plead guilty upon the basis of his discussion with the Assistant District Attorney.[2] Also weighing heavily against this claim is the fact that petitioner, who had substantial prior experience with the courts,[3] did not seek to withdraw his plea when the sentencing judge, contrary to the alleged promise, "imposed the sternest sentence possible under the plea."[4] The veracity of petitioner's claim is also challenged by its belated assertion two and a half years after the imposition of this "sternest sentence possible";[5] it was advanced neither upon his direct appeal nor in his prior federal habeas corpus application, but was presented for the first time after dismissal by this Court of the first application.[6] In any event, the absence of evidential support for petitioner's belated contention requires its rejection.

■ The second contention—that he was confused due to his lawyer's alleged doubt that the federal conviction would "stand up" as the predicate for the multiple offender sentence—is equally without merit. Substantially the same contention was made by petitioner in his

1. People v. Burney, 33 A.D.2d 535, 304 N.Y.S.2d 217 (1969).

2. *See* United States ex rel. Brooks v. McMann, 408 F.2d 823, 826 (2d Cir. 1969); United States ex rel. Homchak v. New York, 323 F.2d 449 (2d Cir. 1963), cert. denied, 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964).

3. See p. 1382 *infra.*

4. Petition for Writ of Habeas Corpus, United States ex rel. Burney v. LaVallee, 284 F.Supp. 422 (S.D.N.Y.1968) (first habeas corpus petition). *See* United States ex rel. Brooks v. McMann, 408 F.2d 823, 826 (2d Cir. 1969).

5. United States ex rel. McGrath v. LaVallee, 348 F.2d 373, 377 (2d Cir. 1965),

cert. denied sub nom. McGrath v. McMann, 383 U.S. 952, 86 S.Ct. 1214, 16 L.Ed.2d 214 (1966).

6. The credibility of petitioner's present claim is also diminished by the fact that in his first coram nobis proceeding he alleged only that his attorney " * * * had a conversation with [the] Assistant District Attorney * * * in which the indictment and probable disposition was discussed and that [petitioner's attorney] had more or less been assured that your petitioner could expect *no more* than five (5) years." No claim was then made that the alleged statement was made within "earshot" of petitioner.

first application here. This Court, in rejecting his claim, stated:[7]

> "Also without merit is petitioner's contention that the state judge failed to 'establish' that petitioner knowingly and voluntarily offered to plead guilty and with a full understanding of the consequences of being adjudged a second offender * * *. The short answer is that a reading of the record demonstrates otherwise."

The minutes of the plea show that the Assistant District Attorney, after making his recommendation that defendant be permitted to plead to a lesser offense than that charged in the indictment, added, "[T]he defendant Beaurney has previously been convicted nineteen times for misdemeanors and * * * once previously for a felony. The People in both cases [there was a codefendant] * * * will file second felony offender informations." The sentencing minutes show that the effect of the prior conviction was carefully considered by petitioner and his counsel,[8] who stated, "[W]e did not represent the defendant at the time of the first conviction and that's why we do not want to waive for all time his right to raise the question of constitutionality of that conviction, but we do not raise that question at this time." That constitutional issue was subsequently presented and decided adversely to petitioner's contention.[9]

■ Entirely apart from the fact that petitioner was fully aware that the prior conviction would subject him to sentence as a multiple offender, even if his attorney had expressed some uncertainty on the issue, petitioner was not deprived of his constitutional right to competent counsel. There has been no showing—indeed the record repels any such claim—that counsel's conduct was such as to "shock the conscience of the Court and make the proceedings a farce and mockery of justice."[10]

The petition is dismissed.

---

7. United States ex rel. Burney v. LaVallee, 284 F.Supp. 422, 424 (S.D.N.Y.1968).

8. At the sentencing, petitioner, with his consent, was represented by his attorney's associate.

9. *See* United States ex rel. Burney v. LaVallee, 284 F.Supp. 422 (S.D.N.Y.1968); People v. Burney, 21 N.Y.2d 711, 287 N.Y.S.2d 677, 234 N.E.2d 700 (1967) (per curiam).

10. United States v. Wight, 176 F.2d 376, 379 (2d Cir. 1949), cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950); *see* United States ex rel. Boucher v. Reincke, 341 F.2d 977, 981–982 (2d Cir. 1965); Snead v. Smyth, 273 F.2d 838, 841–842 (4th Cir. 1959).