George J. Balbach, J.
The defendant, in a wide-sweeping motion, attacks the constitutionality of the new second felony offender statute (Penal Law, § 70.06).
Defendant herein was indicted in Queens County on a charge of grand larceny in the second degree, criminal possession of stolen property in the first degree, unauthorized use of a vehicle and violation of section 509 of the Vehicle and Traffic Law.
On March 25, 1974 the People filed a felony offender statement in accordance with section 400.21 of the Criminal Pro *88 cedure Law alleging that the defendant wa.s convicted of robbery on November 3,1971 in the Supreme Court, Queens County, and sentenced to the State reformatory.
Thereafter, on March 27, 1974 the court held a preliminary hearing to grant the defendant the right to challenge any allegation contained in this statement. At that time the defendant admitted the validity of the prior conviction but disputed the law itself, maintaining that it violated his constitutional rights.
The defendant challenges the law on three specific grounds:
(1) That it is fundamentally unfair due to the fact that it discriminates against prior offenders and violates the due process laws of the Constitution.
(2) That said statute violates the ex post facto doctrine of the United States Constitution in that it increases punishment for a prior conviction.
(3) That the law1 by its very nature imposes a cruel and inhuman punishment in violation of the Eighth Amendment.
Turning to the first contention, defendant is, in effect, attacking the theory of recidivist statutes by alleging that increased punishment creates two classes of defendants. In striking at this doctrine, defendant is attacking a solidly entrenched legal principle with almost two centuries of precedent in this State. Historically, the doctrine of inflicting additional punishment upon repeated offenders was first enacted in New York as early as 1796 (see Graham v. State of West Virginia, 224 U. S. 616, 623) and reached savage fruition under the Penal Code of 1881 (§§ 688-692) when the law was extended to provide additional penalties for past misdemeanors. This recidivist doctrine was carried over into the habitual criminal section (§ 1020) of the Penal Law of 1909 and the Penal Law as amended in 1942 (L. 1942, ch. 700; § 1941 — The Baumes Laws). Ultimately, the habitual offender doctrine found its way into the revised Penal Law in September, 1967 under section 70.10 as the persistent felony offender. It is to be noted that that section gave the court discretion in applying additional punishment.
The defendant now challenges the present version of this law which is section 70.06 and entitled 11 Sentence of imprisonment for second felony offender ”. Under this law the court has no discretion but must impose mandatory sentence of imprisonment.
Considering the first contention, a review of the law indicates that the courts have solidly upheld the validity of the increased punishment doctrine, ruling that since the law applies equally to “ a class of persons convicted and sentenced to the penitentiary,” it does not violate due process (Graham v. State of West *89 Virginia, supra, p. 631; cf. Moore v. Missouri, 159 U. S. 673; Gryger v. Burke, 334 U. S. 728). This doctrine has been affirmed by our own Court of Appeals in People v. Wilson (13 N Y 2d 277, 281), when it stated 11 subsequent offender statutes * * * violate no constitutional rights since they do no more than describe circumstances under which increased punishment may be imposed by a sovereignty
Ñor did the new statute impose additional punishment for a past crime as defendant contends for his second point. The facts indicate that defendant was convicted of robbery on November 3, 1971 and sentence passed. That sentence will not beS1 affected in any manner by the new statute. If defendant receives increased punishment, it is purely as a result of his present crime and does not add one additional day to the prior sentence. Thus, the new law does not apply ex post facto sanctions in violation of section 9 of article I of the United States Constitution. “ The punishment is for the new crime only, but is the heavier if he is an habitual criminal.” (McDonald v. Massachusetts, 180 U. S. 311, 312; People ex rel. Carollo v. Brophy, 294 N. Y. 540; People ex rel. Prisament v. Brophy, 287 N. Y. 132; People ex rel. Lana v. Donovan, 32 Misc 2d 173; Graham v. State of West Virginia, supra.)
The final contention raised in this application advances the theory that the increased punishment aspect of the statute on its face violates the Eighth Amendment ban against cruel and unusual punishment. A search of the cases in this area reveals no clear guidelines as to what acts or omissions are considered permissible under our Constitution. It would appear that our highest court has been reluctant to establish any specific rules in this area but has preferred to meet each problem on its own terms. As regards sentences, the court has indicated the Eighth Amendment might be applied to punishments which offend a sense of justice “ by their excessive length or severity ” (O’Neil v. Vermont, 144 U. S. 323, 339, 340). Applying that principle to the case at bar the defendant has advanced no legal grounds to show in what respect the present statute imposes a sentence of “ excessive length or severity ”. In any event, the courts once again have been uniform in maintaining that increased punishment in itself does not constitute cruel and inhuman punishment. (Spencer v. Texas, 385 U. S. 554; Moore v. Missouri, supra; People v. Wilson, supra.)
Based upon the foregoing, this court finds that section 70.06 of the Penal Law is constitutional and denies defendant’s application to declare the same illegal.